No. 20,832.

SUSAN E. REESE, *Appellee*, v. JULIUS ABELES, *Appellant.*

SYLLABUS BY THE COURT.

1. MERCHANT—*Dangerous Stairway in Storeroom—Duty of Merchant.* A merchant is bound to maintain his storeroom in a reasonably safe condition for customers who come into it for the purpose of transacting business with him.

2. SAME—*Fall into Open Stairway in Storeroom—Injuries—Liability of Merchant.* The proprietor of a store is liable in damages to a customer who falls into an open stairway in the floor which is partially obscured in semidarkness caused by piles of merchandise stacked thereabout, when the customer went into the vicinity of the stairway to inspect certain shelf goods near by in response to a special invitation of the proprietor, who at the same time failed to give her a warning of the presence of the stairway.

3. SAME — *Fall into Open Stairway — Contributory Negligence.* The plaintiff was present in the defendant's store as a customer. Her attention was attracted to some goods on the shelves and she talked with the defendant about them. He said, "Just step around in there and look and you may find what you want back there; if you do, pick it out and I will make the price right." The place indicated was dark, owing to stacks of goods near by. As the plaintiff walked in the direction indicated she fell through an open stairway in the floor, partially obscured by the darkness, and was injured. *Held*, that under the circumstances the plaintiff was not guilty of contributory negligence, and that the defendant was negligent in failing to warn the plaintiff of the presence of the open stairway.

Reese v. Abeles.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge. Opinion filed May 12, 1917. Affirmed.

*Benjamin F. Endres,* of Leavenworth, *Harry Friedberg,* and *J. Francis O'Sullivan,* both of Kansas City, Mo., for the appellant.

*A. E. Dempsey, Humphrey Biddle,* both of Leavenworth, and *John J. Schenck,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, while transacting business as a customer in the furniture store of the defendant in Leavenworth, fell down an open stairway in the floor and was injured. She brought an action for damages and recovered judgment against the defendant. He appeals, contending that he was entitled to judgment on the jury's special findings. These read:

"Question 2. Could any person, whose eyesight was in reasonably good condition, and particularly plaintiff, have seen the stairway in question by merely looking toward the floor of said storeroom, while approaching said stairway? Answer: Yes.

"Question 3. Does the jury find that the plaintiff and her daughters spent at least one hour, walking about the defendant's storeroom, just prior to the time that plaintiff met with the fall down the stairway, that resulted in her injury? Answer: Yes.

"Question 4. While the plaintiff and the daughters of plaintiff were walking about the defendant's store, for an hour or more, prior to the injury to the plaintiff, did the defendant accompany them, and assist the plaintiff as she walked from the balcony in said store after having gone there to look at a writing desk or other piece of furniture? Answer: Yes.

"Question 6. As the plaintiff went to the passageway leading to the top of the stairway did she at once perceive that it was very dark therein? Answer: Yes.

"Question 7. If you answer question 6 in the affirmative, then state if after entering said passageway, leading to the stairway in question, and realizing the darkness thereof, did the plaintiff stop to consider her surroundings and did she continue on with her eyes fixed on some cooking utensils that were on a shelf on the west wall of said storeroom, over said stairway, at an elevation of about four and one-half feet, or more above the top of the stairway? Answer: Her mind was fixed on kitchen utensils, but she did not stop to consider her surroundings.

"Question 9. State clearly, fully and distinctly the negligence of which you find the defendant guilty, at the time of the alleged injury to the

plaintiff. Answer: Defendant failed to notify the plaintiff of the presence of the stairway.

"Question 10. After said plaintiff entered said passageway leading to the top of the stairway, could she have seen said stairway by looking towards the floor and thus avoid injury to herself? Answer: No."

The defendant contends that the case is governed by that principle of law which requires normal persons of mature age to exercise their faculties for their own protection before entering dark places or passageways with which they are unfamiliar, and that the jury's findings in response to questions 2, 6 and 7 show that the plaintiff was guilty of contributory negligence. We think not. The plaintiff had no reason to suppose there was a mantrap in the floor of the storeroom obscured by the darkness caused by piles of goods stacked thereabout. The plaintiff's attention was attracted to some tinware and kitchen utensils on a shelf at one side of the storeroom and she and the defendant had some conversation about these things. The defendant said to her, "Just right around the end [of a pile of goods], just step around in there and look and you may find what you want back there; if you do, pick it out and I will make the price right." With such an invitation, and no warning of danger, it could not be said that the plaintiff was negligent in not looking toward the floor, and the invitation as given would be bound to lead the plaintiff to believe that no danger to her lurked in the semidarkness behind the stacks of goods. A merchant who invites customers into his establishment is bound to maintain his premises in a reasonably safe condition, and he is liable to those who without their own fault are injured by his failure to so maintain them. If there is a dangerous place on his premises, he must safeguard those who come lawfully thereon by proper warning and otherwise. True it is that mature and normal persons must exercise their faculties for their own protection, but where they are lulled into security by the acts of one on whose premises they are lawfully present, they can not in all cases be said to be guilty of negligence when an accident overtakes them. The responsibility of the owner or person in charge of the premises will vary according to the circumstances. Here we agree with the jury, that the negligence of the defendant brought about the injury to the plaintiff. He should have warned her of

danger when he invited her to step around into the semidarkness, where the open stairway was located. But for his failure so to do the plaintiff would not have been injured.

Curiously enough, this precise question is new in Kansas, although *Lewis v. Shows Co.*, 98 Kan. 145, 157 Pac. 397, is somewhat analogous. But the pertinent principles of law have been thoroughly settled in other jurisdictions. (*J. G. Christopher Co. v. Russell*, 63 Fla. 191, 28 Ann. Cas. 564, and Note; *McDermott v. Sallaway*, 198 Mass. 517, 21 L. R. A., n. s., 456, and Note; *Smith v. Johnson*, 219 Mass. 142, 58 L. R. A. 1915 F, 572.)

In 2 Cooley on Torts (3d ed.), 1258-1263, it is said:

"It has been stated on a preceding page that one is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit. Many cases illustrate this rule. Thus, individuals holding a fair and erecting structures for the purpose are liable for injuries to their patrons caused by the breaking down of these structures through such defects in construction as the exercise of proper care would have avoided. And, generally, where a person invites the public to a place or grounds for a fair or public exhibition of any kind, he is bound to use due care to protect those who come from injury, not only from defects in the premises but also from other dangers arising from the use of the premises by himself or his licensees. . . . So one who keeps a bathing resort, to which the public are invited, must use due diligence to protect his patrons from injury from broken glass, or dangerous holes. . . . A railroad company is liable to a hackman doing business with it, who steps without fault into a cavity negligently left by it in its platform, whereby he is injured. So a railroad company is liable to one who is injured in attempting to cross its track, invited to cross by a signal indicating that it is safe to do so, and to people who, coming to the station to welcome an arrival, are injured by the giving way of the platform. So a brewer is liable to one who, coming on his premises to do business with him, without fault of his own, falls through an unguarded trap door. And, generally, the keeper of a store or other place of business to which the public are invited, is bound to exercise due care to keep his premises and the approaches thereto in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure so to do."

The judgment is affirmed.