No. 33,209

GRACE THOGMARTIN, *Appellee*, v. HENRY KOPPEL and J. KOPPEL, doing business as the SUNNY SIS SHOP, *Defendants* (HENRY KOPPEL, *Appellant*).

(65 P. 2d 571)

Opinion filed March 6, 1937.

*P. E. Nulton* and *R. L. Letton,* both of Pittsburg, for the appellant.

*A. H. Carl,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action by plaintiff to recover damages for injuries sustained in falling on the floor of defendants' store, and from a verdict in plaintiff's favor defendant appeals.

The petition on which the cause was tried, after stating formal matters, charged that on December 5, 1935, defendant, operating a ladies' furnishing store, permitted his janitor—

"to mop the floor in said store, using a mop and water, and in so doing caused the floor of said store to be made very slippery and particularly had said floor wet and slippery in front of the door entering the store owned and operated by the said defendants at 512 N. Broadway, Pittsburg, Kansas."

That plaintiff stepped inside of the store door for a distance of about five feet and as she turned to go out of the building her right foot

came in contact with the slippery floor and she fell, sustaining injuries which are detailed; that before the injury she was a strong, healthy woman, "but as the result of the acts of carelessness and negligence on the part of the defendants aforesaid in causing and permitting said floor to be made wet and slippery and to remain in a dangerous and unsafe condition by having said floor wet and slippery as above described," she had been compelled to take medical treatment. There is no other allegation of the petition charging negligence. We need not notice defendant's answer further than to say it contains a general denial and a charge of contributory negligence. At the trial, defendant demurred to plaintiff's evidence. The demurrer was overruled, and defendant presented its proof. At the close, defendant requested a peremptory instruction for a verdict in its favor, which was refused. The following instruction was given:

"You are instructed that the owner or proprietor of a store is not under the same obligation to licensees as he is to those who are upon the premises by his express or implied invitation. To persons who are upon the premises by his express or implied invitation, he owes a duty to have his premises in a reasonably safe condition and to *give warning* of latent or concealed defects. To mere licensees upon the premises he owes no such duty, as to them he is under obligation only not to willfully and intentionally injure them, since licensees take the premises as they find them."

Special questions were submitted to the jury, which were answered as follows:

"1. At what time did the plaintiff enter the store of the defendant on the day in question? A. Between 4:30 and 5:00 o'clock p. m.

"2. If you find the defendant guilty of negligence, then state the act or acts of negligence of which the defendant was guilty. A. Without notifying her the floor was in a slippery, dangerous condition.

"3. Did the plaintiff observe as she entered the store that the linoleum was being mopped? A. No.

"4. If you answer question No. 3 'No,' then state what, if anything, prevented plaintiff from observing that the linoleum was being mopped as she entered the store. A. No evidence that floor was being mopped.

"5. Were the injuries and damages suffered by the plaintiff, if any, the result of an accident as defined in the court's instructions? A. No; plaintiff was not notified as to slippery condition of the floor."

Defendant filed its motion for judgment on the special findings notwithstanding the general verdict, which motion was denied and judgment was rendered for plaintiff. No motion for a new trial was filed. Defendant appeals, assigning as error the overruling of its demurrer to plaintiff's evidence, the refusal of the court to give its

requested instruction for a verdict in its favor, and the denial of its motion for judgment notwithstanding the general verdict.

In considering the duty and liability of a storekeeper respecting the condition of his premises, courts proceed upon the theory the storekeeper is not an insurer of the safety of customers, but is only liable for injuries resulting from negligence on his part, and that if a dangerous condition exists, it is the storekeeper's duty to warn the customers in order to enable them to avoid the danger. Annotations may be found on duty and liability respecting condition of store or shop in 33 A. L. R. 181, 43 A. L. R. 866, 46 A. L. R. 1111, 58 A. L. R. 136 and 100 A. L. R. 711. A customer entering a store for the purpose of trade is an invitee (45 C. J. 815) and the proprietor owes him a duty of exercising reasonable care for his safety (45 C. J. 823). This duty applies especially to latent defects, which must be known to the proprietor or have existed for such time it was his duty to know thereof. (45 C. J. 837; 20 R. C. L. 57.)

An application of a portion of the above principles was made in *Reese v. Abeles,* 100 Kan. 518, 164 Pac. 1080, where it was held:

"A merchant is bound to maintain his storeroom in a reasonably safe condition for customers who come into it for the purpose of transacting business with him.

"The proprietor of a store is liable in damages to a customer who falls into an open stairway in the floor which is partially obscured in semidarkness caused by piles of merchandise stacked thereabout, when the customer went into the vicinity of the stairway to inspect certain shelf goods near by in response to a special invitation of the proprietor, who at the same time failed to give her a warning of the presence of the stairway." (Syl. ¶¶ 1, 2.)

And in that opinion is a quotation from 2 Cooley on Torts (3d ed.), 1258-1263, reciting in part:

" 'And, generally, the keeper of a store or other place of business to which the public are invited, is bound to exercise due care to keep his premises and the approaches thereto in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure so to do.' " (p. 521.)

Plaintiff testified she went to defendant's store to purchase hose from a particular clerk; that she entered the door and upon inquiry learned the clerk was not there and turned to leave when she slipped and fell, sustaining injuries; that she had been in the store many times before and that the front floor covering was linoleum.

"Q. Did you observe the floor there that evening with reference to being slippery or slick? A. No, sir, not until after I fell.

"Q. Did you after you fell? A. Yes, sir. I saw the floor was wet and a bucket of water and mop and porter were there.

"Q. Did you observe that before you went in? A. No, sir."

Defendant's argument on its demurrer is limited to the contention the evidence does not show negligence; that there was no evidence as to the manner in which the janitor mopped the floor and in the absence thereof it will be presumed due care was used; that mopping of a floor is not negligence *per se* and therefore plaintiff's evidence does not warrant recovery. It may be observed here that it was contended by defendant that plaintiff came to his store after it was closed for the evening at 5:30 o'clock p. m. to see one of his clerks with whom she frequently went home; that the door, which was locked, was opened to permit her to enter. Plaintiff's testimony was the front door was not locked; that she went there before closing hours to get some hose from the particular clerk, and not finding her in she had started to leave, when she fell. It may be conceded that mopping a floor is not negligence *per se*, and it is true there was no direct evidence the mopping was not being properly done, but there was evidence that it was being so done that the floor was wet and slippery when plaintiff entered and fell, and that the condition was not observable to her until she had fallen. If there was any defect in her proof as to the slippery condition of the floor, it may be remarked that it was corroborated in part by defendant's janitor, who, as a witness for his employer, testified that after she had gone about five or six feet she slipped or skidded.

We cannot say as a matter of law that plaintiff's proof showed there was not a latent defect in the floor caused by the acts of the janitor in mopping the linoleum covering.

From what has been said it follows the trial court did not err in denying defendant's request for a peremptory instruction.

Appellant contends that it is entitled to judgment on the special findings notwithstanding the general verdict, in that the jury found the negligence to be failure to warn of the slippery floor, a ground not specifically alleged in the petition. It is well established that where a party charges specific acts of negligence he is concluded thereby and cannot recover on matters not alleged in his petition. (See *Telle v. Rapid Transit Rly. Co.,* 50 Kan. 455, 31 Pac. 1076; *Railroad Co. v. Elrod,* 78 Kan. 868, 98 Pac. 215; *McBeth v. Railway Co.,* 95 Kan. 364, 148 Pac. 621; *Keck v. Jones,* 97 Kan. 470, 155 Pac. 950; *Bass v. St. Louis-S. F. Rly. Co.,* 143 Kan. 740, 744, 57 P. 2d 467, and cases cited therein.) While that rule ordinarily would compel a judgment for defendant, its applicability here is not so

clear. As has been shown above, results of negligently permitting a latent defect to remain flow from failure of the storekeeper to warn the customer of the danger. In this case no one claimed there had been such a warning. Whether specifically requested does not appear, but at least without objection the trial court gave the instruction above quoted, in which the jury was advised as to duty to warn of latent or concealed defects. That instruction became the law of the case and, there being no objection, binding on the parties. (See *Burns v. Hunter*, 126 Kan. 736, 271 Pac. 398, and cases cited.) And had objection been made to the instruction, and the ruling thereon been erroneous, it would have been a trial error, which should have been made a ground of a motion for new trial; and in such situation, had there been error, it would not be reviewable, as there was no motion for a new trial. (See *Dryden v. C. K. & N. Rly. Co.*, 47 Kan. 445, 28 Pac. 153.)

Under the instructions, the case was submitted on the theory of failure to warn of a latent defect, the special findings are consistent therewith, and the trial court did not err in denying defendant's motion for judgment *non obstante veredicto*.

The judgment of the lower court is affirmed.