**PARKS v. MONTGOMERY WARD & CO.**

No. 4446.

United States Court of Appeals,
Tenth Circuit.

Aug. 26, 1952.

Robert R. Hasty and George E. Hasty, Wichita, Kan., for appellant.

Emmet A. Blaes, Wichita, Kan. (Jochems, Sargent & Blaes, Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Alta Pauline Parks instituted in the state court this action against Montgomery Ward & Co. to recover damages for personal injuries, alleging among other things that defendant operated a retail store at a described location in Wichita, Kansas; that when wet, oily, greasy, or .otherwise covered with liquid or semi-liquid substance, the floor in such store was slippery and dangerous to walk upon unless covered by carpeting, matting, or other protective covering; that on the date set forth, defendant negligently permitted the floor to become and remain wet and slippery and failed to provide a dry footing for persons walking thereon; that plaintiff entered the store for the purpose of purchasing merchandise; that due to the condition of the floor, she slipped and fell; and that she sustained personal injuries. Assuming that the cause had been effectively removed to the United States Court, trial was had to a jury. When plaintiff concluded the presentation of her case in chief, defendant interposed a motion for a directed verdict on the ground that the evidence failed to establish actionable negligence on the part of the defendant. The motion was sustained, a directed verdict was returned, judgment was entered accordingly, and plaintiff appealed. After entry of the judgment and after notice of appeal therefrom had been filed, plaintiff lodged in the case a motion to vacate the judgment and remand the case to the state court. The ground of the motion was that the proceeding had not been properly removed to the United States Court. The motion was denied and plaintiff appealed from that action. For convenience, continued reference will be made to the parties as plaintiff and defendant, respectively.

Error is assigned upon the denial of the motion to vacate the judgment and remand the case to the state court. It appeared from the face of plaintiff's petition filed in the state court and the petition for removal that plaintiff was a resident and citizen of Kansas; that defendant was a corporation organized under the laws of Illinois; that the controversy was exclusively between citizens of different states; and that the amount in controversy exceeded $3,000, exclusive of interest and cost. Notice of removal to the United States Court on the ground of diversity of citizenship with the requisite amount in controversy was given plaintiff by the mailing of a copy of the motion to her attorney. The motion recited among other things that defendant had filed in the United States Court its petition for removal, together with a bond conditioned that defendant would pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable, or was improperly removed. Four days after the giving of the notice in that manner, the petition for removal, the bond on removal, and the notice of removal were filed in the United States Court. The files in the office of the clerk of the state court failed to contain a copy of the petition for removal and the record in that court did not make any reference to a copy of such petition having been filed. Section 1446(e) of the Judicial Code, 28 U.S.C. § 1446(e), provides that promptly after the filing of the petition for removal, the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition for removal with the clerk of the state court, which shall effect removal. The giving of the no-

tice of removal before the filing of the petition and bond for removal constituted an irregularity, and the failure to file with the clerk of the state court a copy of the petition for removal constituted noncompliance with a plain requirement of the statute. But the action was one falling within the original jurisdiction of the United States Court for Kansas, and plaintiff could have instituted it in that court in the first instance. Parties cannot by consent confer upon a court jurisdiction of the subject matter of an action which it would not have possessed without such consent. And voluntary action of parties in the nature of waiver cannot confer jurisdiction of an action if the court would not have had jurisdiction of the subject matter without the waiver. But where a suit of which the United States Court may entertain original jurisdiction is instituted in the state court and the defendant obtains its removal, even though the removal is irregular, defective, or unauthorized, and plaintiff acquiesces in such removal by seeking relief from the United States Court, that court acquires jurisdiction of the subject matter. The case being one of which the United States Court for Kansas could have entertained original jurisdiction, and plaintiff having acquiesced in the removal by seeking relief from that court, the court had jurisdiction of the subject matter; and the motion to remand after trial and after entry of an adverse judgment came too late. Lopata v. Handler, 10 Cir., 121 F.2d 938; Donahue v. Warner Bros. Pictures, 10 Cir., 194 F.2d 6.

■ The action of the court in directing a verdict for defendant is challenged on the ground that the evidence adduced together with the inferences fairly to be drawn from it was sufficient to take the case to the jury on the issue of negligence. Evidence was submitted which tended to establish these facts. At the entrance where plaintiff went into the store there were four exterior doors known as storm doors, a foyer approximately six to eight feet in width and approximately twelve to fourteen feet in length, and six inner doors. The entrance ran twelve to fourteen feet along the street. The floor from the inner doors sloped slightly downward toward the street.

The composition or constituent elements of the terrazzo floor were not shown, but there was no evidence indicating that it was defective in any manner. Plaintiff entered the store about eleven o'clock in the morning. It had been raining almost continuously since about six o'clock. It was raining heavily at the time plaintiff entered the store, water was on the streets and sidewalks, and plaintiff's shoes were wet. Plaintiff slipped and fell just inside the inner doors. The place of the accident was near the inner door through which she had entered the store, and the floor at that point was slick and slippery. That condition of the floor was due to water from the clothing and shoes of persons coming into the store. There was no pool or puddle of water on the floor, and there was no evidence indicating that the floor had been oiled, waxed, polished, or rendered slick and slippery in any other like manner. To establish negligence, sole reliance was placed upon the slick and slippery condition of the floor caused exclusively by water from the clothing and shoes of persons entering the store, and inaction on the part of defendant to prevent, eliminate, or correct such condition. It is the law in Kansas that a merchant owes to his patrons and invitees the duty to maintain his premises in a reasonably safe condition, and that his failure to do so constitutes negligence. While the responsibility may vary according to circumstances, the general duty exacted of such a merchant is the exercise of ordinary care which means the degree of care that an ordinarily cautious and prudent storekeeper would exercise under the same or similar circumstances to protect his customers and invitees from danger. Reese v. Abeles, 100 Kan. 518, 164 P. 1080, L.R.A. 1917E, 747; Thogmartin v. Koppel, 145 Kan. 347, 65 P.2d 571. But a storekeeper is not an insurer of the safety of his customers or invitees. Relahan v. F. W. Woolworth Co., 145 Kan. 884, 67 P.2d 538; Thompson v. Beard & Gabelman, 169 Kan. 75, 216 P.2d 798; Steinmeyer v. McPherson, 171 Kan. 275, 232 P.2d 236.

The fact that a customer or other invitee slips and falls in a store with resulting personal injury does not necessarily render the

merchant liable in damages. Not every accident of that kind is proximately caused by negligence on the part of the merchant. Many accidents of that nature occur without fault of the merchant. The accident here in question did not happen in a dark place, and it was not caused by any secret or hidden danger. It was due entirely to the slick and slippery condition of the floor brought about entirely by water from the clothing and shoes of persons coming into the store. There was no showing as to how long the condition had existed, whether defendant had actual knowledge of its existence, or whether the floor had been mopped from time to time during the morning. There was an absence of any showing that it was a common practice or precaution of prudent merchants under similar circumstances to keep a mat or other covering on the floor. No evidence was adduced tending to show that defendant did or omitted to do anything which a merchant of ordinary care and prudence would do under the circumstances for the protection of his customers or other invitees. In short, plaintiff failed to establish actionable negligence on the part of defendant. S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132; Lander v. Sears, Roebuck & Co., 141 Me. 422, 44 A.2d 886; Cox v. Goldstein, 255 Ala. 664, 53 So.2d 354; Curtis v. Traders National Bank, 314 Ky. 765, 237 S.W.2d 76; Hill v. Davison-Paxon Co., 80 Ga.App. 840, 57 S.E.2d 680. And see notes, 100 A.L.R. 710, 162 A.L.R. 949.

The judgment is affirmed.

Pickett, Circuit Judge, dissented.