**Judy MAXON, Plaintiff,**

v.

**TEXACO REFINING AND MARKETING INC., Defendant.**

**No. 95–C–408(H).**

United States District Court, N.D. Oklahoma.

Nov. 15, 1995.

Jeff Nix, Tulsa, OK, for plaintiff.

Ronald A. White, Hall Estill Hardwick Gable, Golden & Nelson, Tulsa, OK, for defendant.

### ORDER

HOLMES, District Judge.

This matter comes before the Court on Plaintiff's Motion to Remand. Plaintiff originally brought this action in Tulsa County District Court. Plaintiff's petition alleges two causes of action and claims actual damages "in excess of $10,000.00" for each cause of action and punitive damages "in excess of $10,000.00" for each cause of action.[1] Defendant Texaco Refining and Marketing Inc. ("Texaco") removed the case on the basis that the petition alleged a federal question under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Texaco later filed a supplemental notice of removal stating that removal is also proper on the basis of diversity jurisdiction.

Plaintiff has moved to remand on the basis that she does not allege a claim under the ADA and that the jurisdictional amount in controversy is not satisfied. In the petition, Plaintiff did not raise the ADA. Based on the plain language of the petition and on Plaintiff's denial of a claim under the ADA, the Court declines to exercise jurisdiction over this case on that basis.

■ Texaco further alleges that this case is properly before the Court on the basis of diversity jurisdiction. It is uncontroverted that complete diversity of citizenship exists between the parties. The only question remaining for the Court is whether the jurisdictional amount is satisfied.

■ In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). The Tenth Circuit has recently clarified the analysis which a district court should undertake in determining whether an

---

1. In Oklahoma, the general rules of pleading require that:
   [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract.
   Okla.Stat.Ann. tit. 12, § 2008(2) (West 1993).

amount in controversy is greater than $50,-000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citation omitted) The burden is on the party requesting removal to set forth, in the notice of removal itself, the *"underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,-000." (citation omitted) Moreover, there is a presumption against removal jurisdiction. (emphasis in original)

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995).

In *Laughlin,* the plaintiff originally brought his action in state court. Defendant removed to federal court based on diversity jurisdiction. The court granted summary judgment to defendant, and plaintiff appealed. On appeal, the Tenth Circuit raised the issue of subject matter jurisdiction and remanded the case to state court. Neither the petition nor the notice of removal had established the requisite jurisdictional amount. The petition alleged that the amount in controversy was "in excess of $10,000" for each of two claims. The notice of removal did not refer to an amount in controversy, but did contain a reference to the removal statute, 28 U.S.C. § 1441. In its brief on the issue of jurisdiction, Kmart set forth facts alleging that, at the time of removal, the amount in controversy was well above the jurisdictional minimum of $50,000. However, Kmart failed to include those facts in its notice of removal.

The Tenth Circuit held that:

> Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

*Laughlin,* 50 F.3d at 873.

In *Laughlin,* Kmart attempted to rely on *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993). The *Shaw* court held that "the plaintiff had conceded jurisdiction because he failed to contest removal when the motion was originally made, and because he stated in his opening appellate brief that the amount in controversy exceeded $50,000." The Tenth Circuit distinguished *Shaw,* stating:

> [w]e do not agree, however, that jurisdiction can be "conceded." Rather, we agree with the dissenting opinion that "subject matter jurisdiction is not a matter of equity or of conscience or of efficiency," but is a matter of the "lack of judicial *power* to decide a controversy." (citation omitted)

*Laughlin,* 50 F.3d at 874.

In the instant case, neither the allegations in the petition nor the allegations in the removal documents, establish the requisite jurisdictional amount. The petition alleges two claims. Plaintiff seeks actual damages "in excess of $10,000" for each claim and punitive damages "in excess of $10,000" for each claim. Accordingly, the petition alleges damages "in excess of" $40,000.

Texaco has not complied with the requirements of *Laughlin* in the removal documents. Specifically, Texaco offers only a conclusory statement of Plaintiff's damages allegations and does not allege any underlying facts with respect to Plaintiff's claims for damages. Texaco states in its supplemental notice of removal that:

> [i]n summary, Plaintiff is seeking in excess of $40,000 on the face of her petition, including *two* claims for punitive damages, in excess of $10,000 each, against one of the largest corporations in the country, with a net worth thousands of times greater than $10,000; it is beyond all reasonable dispute that more than $50,000 is in controversy here. (emphasis in original)

██ Where the face of the petition does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also facts underlying defendant's assertion.

In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin,* 50 F.3d at 873. And the Tenth Circuit has clearly stated what is required to satisfy that burden. Because Texaco has not met its burden, as defined by the *Laughlin* court, this Court must grant Plaintiff's motion to remand.

Finally, the Court notes that, in Plaintiff's motion to remand, Plaintiff states, "[i]n its' [sic] Amended Notice of Removal, Defendant asserts that the instant action belongs in Federal Court for yet another reason, that there is Diversity, and amount in controversy in excess of $50,000. There is not." Thus, in a signed motion filed in federal court, Plaintiff has effectively denied that she seeks in excess of $50,000. On the basis of that denial, the Court believes that Plaintiff's damages in state court should be so limited.

The Court hereby grants Plaintiff's Motion to Remand (Docket # 12) and orders the Court Clerk to remand the case to District Court in and for Tulsa County.

IT IS SO ORDERED.