**Travis JOHNSON, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 95–C–1176 (H).**

United States District Court,
N.D. Oklahoma.

Dec. 5, 1995.

Fred V. Monachello, Fred V. Monachello P.C. and S. Michael Watkins, Monachello & Watkins, Tulsa, OK, for Plaintiff.

Steven E. Holden, Mark T. Steele, and Bobby L. Latham, Jr., Best Sharp Holden Sheridan Best & Sullivan, Tulsa, OK, for Defendant.

**ORDER**

HOLMES, District Judge.

This matter comes before the Court on Defendant's Petition for Removal. Plaintiff originally brought this action in the District Court of Mayes County. Plaintiff's petition alleges one cause of action and claims damages "in excess of $10,000.00" for this cause of action.[1] Defendant Wal–Mart Stores, Inc. ("Wal–Mart") filed a Petition for Removal stating that removal is proper on the basis of diversity jurisdiction.

It appears that complete diversity of citizenship exists between the parties. The question remaining for the Court is whether the jurisdictional amount is satisfied.

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). The Tenth Circuit has recently clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $50,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citation omitted) The burden is on the party requesting removal to set forth, in the notice of removal itself, the *"underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,-000." (citation omitted) Moreover, there is a presumption against removal jurisdiction. (emphasis in original)

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995).

In *Laughlin,* the plaintiff originally brought his action in state court. Defendant removed to federal court based on diversity jurisdiction. The court granted summary judgment to defendant, and plaintiff appealed. On appeal, the Tenth Circuit raised the issue of subject matter jurisdiction and re-

---

1. In Oklahoma, the general rules of pleading require that:

    [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,-000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract.

    Okla.Stat.Ann. tit. 12, § 2008A(2) (West 1993).

manded the case to state court. Neither the petition nor the notice of removal had established the requisite jurisdictional amount. The petition alleged that the amount in controversy was "in excess of $10,000" for each of two claims. The notice of removal did not refer to an amount in controversy, but did contain a reference to the removal statute, 28 U.S.C. § 1441. In its brief on the issue of jurisdiction, Kmart set forth facts alleging that, at the time of removal, the amount in controversy was well above the jurisdictional minimum of $50,000. However, Kmart failed to include those facts in its notice of removal.

The Tenth Circuit held that:

Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

*Laughlin,* 50 F.3d at 873.

In *Laughlin,* Kmart attempted to rely on *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993). The *Shaw* court held that "the plaintiff had conceded jurisdiction because he failed to contest removal when the motion was originally made, and because he stated in his opening appellate brief that the amount in controversy exceeded $50,000." The Tenth Circuit distinguished *Shaw,* stating:

[w]e do not agree, however, that jurisdiction can be "conceded." Rather, we agree with the dissenting opinion that "subject matter jurisdiction is not a matter of equity or of conscience or of efficiency," but is a matter of the "lack of judicial *power* to decide a controversy." (citation omitted)

*Laughlin,* 50 F.3d at 874.

■ In the instant case, neither the allegations in the petition nor the allegations in the removal documents, establish the requisite jurisdictional amount. The petition alleges one claim. Plaintiff seeks damages "in excess of $10,000" for this claim.

■ Wal–Mart has not complied with the requirements of *Laughlin* in the removal documents. The Petition for Removal does not allege any underlying facts whatsoever with respect to Plaintiff's claims for damages. Instead, Wal–Mart offers only a conclusory statement of Plaintiff's damages allegations in the Petition for Removal and states that Plaintiff's Response to Defendant's Request for Admission will substantiate Defendant's claim that the value of the case exceeds $50,000. The aforementioned Request for Admission asks Plaintiff to "[a]dmit that the amount in controversy in this action, including all claims for damages made by Plaintiff, does not exceed the sum or value of $50,-000.00 exclusive of interest and costs." Plaintiff responds that "[t]he exact value of this claim can not be determined at this time therefore, Defendant's request for admission is denied." The Court concludes that this statement by Plaintiff, standing alone, does not affirmatively establish that the amount in controversy exceeds $50,000 for the purposes of diversity jurisdiction.

■ Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also facts underlying defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin,* 50 F.3d at 873. And the Tenth Circuit has clearly stated what is required to satisfy that burden. Because Wal–Mart has not met its burden, as defined by the *Laughlin* court, this Court must remand the action to the District Court of Mayes County.

. The Court hereby orders the Court Clerk to remand the case to District Court in and for Mayes County.

IT IS SO ORDERED.