Charlotte **ARCHER,** et al., Plaintiffs,

v.

Pat E. **KELLY,** et al., Defendants.

No. 03–CV–0283–EA (M).

United States District Court,
N.D. Oklahoma.

June 19, 2003.

Jack G Zurawik, Pamela Kathleen Morgan, Jack Zurawik Law Offices, Cathlyn J Mills, Mills Law Office, Tulsa, for Julie Archer, an Individual and Next Friend and Parent of Charlotte Archer, an Individual—Charlotte Archer, plaintiff.

Joseph R Farris, F Jason Goodnight, Feldman Franden Woodard Farris & Boudreaux, Tulsa, for Pat E Kelly, an individual, Air Products and Chemicals, Inc., a Foreign Corporation, separately and d/b/a Denton Welding Supply, Inc., a Foreign Corporation—Denton Welding Supply, Inc., American Home Assurance Company, a Foreign Corporation, defendants.

## ORDER

EAGAN, District Judge.

Now before the Court is the plaintiffs' Motion for Remand (Dkt.# 10). Plaintiffs contend that neither the Petition nor the Notice of Removal establishes an amount in controversy in excess of $75,000 as required for this Court to have diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs originally brought this action in the District Court of Creek County seeking damages for personal injury to plaintiff Charlotte Archer arising out of an automobile accident. The Petition sets forth a demand for actual damages in excess of

$10,000.[1] Defendant Pat E. Kelly filed a Notice of Removal in which all properly served defendants joined. Kelly submitted a demand letter with his Notice of Removal to establish that the amount in controversy exceeds $75,000. Plaintiffs argue that Kelly's rejection of the demand as the proper value of plaintiffs' claim forecloses defendants' assertion that the amount in controversy exceeds $75,000, and, in any event, an offer to compromise is inadmissible under Fed.R.Evid. 408.

■ The parties in this matter do not dispute that there is complete diversity of citizenship; the issue is whether defendant Kelly has submitted sufficient underlying facts supporting the assertion that the amount in controversy exceeds $75,000. The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000 as follows:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the *"underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,-000]." Moreover, there is a presumption against removal jurisdiction.

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995) (citations omitted) (emphasis in original); *see also, e.g., Johnson v. Wal–Mart Stores, Inc.,* 953 F.Supp. 351 (N.D.Okla.1995) (applying *Laughlin* and remanding case). Thus, where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by underlying facts. *E.g., Johnson,* 953 F.Supp. at 353.

■ Defendant Kelly has met his burden to show that the amount in controversy exceeds $75,000 and, thus, he has rebutted the presumption against removal jurisdiction. The demand letter attached to the Notice of Removal purports to show that plaintiffs have suffered, are suffering, or will suffer, damages in the amount of $1,325,000 due to the defendants' negligence. The letter is addressed to the company that insured defendant Air Products & Chemicals, Inc., the alleged owner of the truck allegedly causing the accident that caused the injury. It summarizes the medical treatment for 17–year–old Charlotte Archer, and outlines the damages as evaluated by her attorneys. It lists physical and mental pain and suffering (past and future); permanent impairment, consideration of Charlotte Archer's condition immediately before and after the collision; her age; the nature and extent of her injuries; whether the injuries are permanent; disfigurement; loss of earnings in the past and future; impairment in earn-

---

1. In Oklahoma, the general rules of pleading require that:

   > [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

   Okla. Stat. tit. 12, § 2008(2). Another provision of the statute forbids a plaintiff to state a dollar amount other than "in excess of or not in excess of Ten Thousand Dollars" in actions "where exemplary or punitive damages are sought." *Id.,* § 2009G.

ing capacity; and reasonable expenses for medical care. Plaintiffs' counsel estimated that a jury would award between $1,000,000 and $2,000,000, and they offered $1,000,000 to settle before filing suit. The letter thus provides a proper economic analysis under *Laughlin* because it contains the underlying facts, with the amounts sought, by category. In effect, Kelly's counsel incorporated the letter as his *Laughlin* analysis. Accordingly, the Court finds that the Notice of Removal and the attached letter satisfies *Laughlin.*

Plaintiffs' first argument is that Kelly has not met his burden of proving the amount in controversy because defendants' rejected the settlement offer and, in effect, denied the value of plaintiffs' claims. This argument is fundamentally flawed because the value of a claim and the validity of a claim are separate issues. The value of the claim, *i.e.,* the amount in controversy, reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable. As Kelly points out, defendants' denial of the claim's value (or validity, for that matter) would not defeat diversity jurisdiction if the case had been filed here in the first place. Defendants' rejection of a settlement offer does not foreclose their ability to use the offer itself as an estimate of the value plaintiff attributes to the claim and thus, as a benchmark for their assertion of the amount in controversy in a notice of removal.

■ Plaintiffs' second argument is that a demand letter is inadmissible to prove the amount in controversy for purposes of removal under Fed.R.Evid. 408. Plaintiffs quote the following portion of the rule: "Evidence of ... (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." Plaintiffs fail to quote that portion of the rule which states: "This rule ... does not require the exclusion [of evidence] when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation." The Fed.R.Evid. 408 advisory committee's notes (1972 Proposed Rules) indicate that the situations mentioned in the rule are "illustrative" and does not foreclose offering "compromise" evidence for other purposes.

The Court finds that another acceptable purpose is to show that the amount in controversy exceeds $75,000 and, together with complete diversity of the parties, to establish removal jurisdiction. As Kelly points out, the letter is not being offered as an admission of liability or the amount of liability. Further, the purpose of Fed. R.Evid. 408, to encourage settlements, is not undermined by use of a demand letter in a notice of removal. *See* Fed.R.Evid. 408 advisory committee's notes (1974 Enactment).

If the Court disallowed the use of a demand letter as a basis for removal, defendants would risk waiving the right of removal. Under 28 U.S.C. § 1446(b), defendants have thirty days from receipt of the initial pleading or the service of summons, whichever period is shorter, to remove. However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable...." *Id.* If plaintiff were not forthcoming, and defendants were unable to discover, within thirty days from their receipt of the initial pleading or service of summons, evidence showing that amount in controversy exceeded $75,000, plaintiffs could argue that defendants are foreclosed from removing the case because defendants knew, from the demand letter, that the amount exceeded $75,000.

 At least one court has held that the thirty-day period begins from the date defendants receive the initial pleading, when defendants have actual knowledge on that date that the amount in controversy exceeds the jurisdictional amount required for removal jurisdiction. *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 852–53 (E.D.Mich.1979). A pre-suit demand letter can serve as the basis of such knowledge, even if the letter does not specify a dollar amount. *See Marler v. Amoco Oil Co.,* 793 F.Supp. 656, 659 (E.D.N.C.1992). Indeed, a pre-suit demand letter may be considered an "other paper" from which defendants can determine the amount in controversy under 28 U.S.C. § 1446(b). *See Central Iowa Agri–Systems v. Old Heritage Advertising & Publishers, Inc.,* 727 F.Supp. 1304, 1305–06 (S.D.Iowa 1989); *but see Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir.1992) (the "other paper" must be received *after* the filing of the initial pleading to begin the 30–day clock). A post-suit written settlement demand may also be considered an "other paper" for purposes of § 1446(b). *Martin v. Mentor Corp.,* 142 F.Supp.2d 1346, 1349 (M.D.Fla.2001).

The pre-suit written settlement demand in this matter gave defendants knowledge that the amount in controversy exceeded $75,000. Permitting them to attach it to a Notice of Removal does not make settlement less likely; forbidding them from attaching it would subject them to the risk of waiving their right to remove. When the lawsuit was filed, defendants could "intelligently ascertain removability ...." *See Huffman v. Saul Holdings Ltd. Partnership,* 194 F.3d 1072, 1078 (10th Cir.1999)(quoting *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir.1979)).

For these reasons, plaintiffs' Motion for Remand (Dkt.# 10) is hereby **DENIED.**