Shannon **MURCHISON**, Plaintiff,

v.

**PROGRESSIVE NORTHERN INSURANCE COMPANY,** Defendant.

No. CIV–08–108–RAW.

United States District Court, E.D. Oklahoma.

July 3, 2008.

Oliver L. Smith, Robert Earl Jamison, Jr., The People's Legal Advocates, PC, George R. Mullican, Gibbs Armstrong Borochoff Mullican & Hart, Tulsa, OK, for Plaintiff.

Brad L. Roberson, Mark B. Houts, Pignato Cooper Kolker & Roberson, Oklahoma City, OK, for Defendant.

### ORDER

RONALD A. WHITE, District Judge.

Before the court is Plaintiff's Motion to Remand [Docket No. 12] and Motion to Stay [Docket No. 26]. Plaintiff asks that the court stay this case pending its ruling on the Motion to Remand. Because the court renders its ruling on the Motion to Remand here, the court hereby DENIES the Motion to Stay as MOOT.[1] For the

---

1. By Order dated July 1, 2008 [Docket No. 32], the court has already stricken the existing scheduling order.

reasons delineated below, the Motion to Remand is DENIED.

## BACKGROUND

Plaintiff filed her petition in state court on November 26, 2007. She alleges Defendant breached its insurance contract, acted negligently and acted in bad faith. In her Petition, Plaintiff requests damages in an amount in excess of ten thousand dollars on each of her three claims. On her negligence claim, she requests "economic damages, out of pocket expenses for medical care received as a result of the accident, rehabilitation costs as a result of injuries sustained in the accident, [and] emotional pain and suffering." On her bad faith claim, she states that she "has suffered emotional, physical and economical damages."

On February 15, 2008, Plaintiff served Defendant with her Responses to Defendant's First Set of Interrogatories and Requests for Admissions to Plaintiff. Defendant's counsel of record avers that he received Plaintiff's Responses on February 18, 2008. Defendant's fifth request for admission reads: "Admit that Your (sic) total alleged damages against Progressive do not exceed $75,000.00." Plaintiff objected to the request, arguing that it violated the Oklahoma pleading code. Plaintiff further argued that because discovery was at its earliest stages, she lacked sufficient information to admit or deny the request. Ultimately, however, in answering the request for her to admit or deny, she *denied* the request. Plaintiff's response to Defendant's fifth request for admission reads:

> Plaintiff objects to this Request on the basis that it violates the Oklahoma pleading code which merely requires amounts in excess of $10,000.00 be pled as such. Rather, Defendant's request is an attempt to satisfy the jurisdictional

> requirements for removal to federal court. Discovery is at its earliest stages, and accordingly Plaintiff lacks sufficient information to *admit or deny this request,* and therefore *denies* the same. Plaintiff specifically reserves the right to supplement her response to this Request consistent with the Court's Scheduling Order governing the conduct of the discovery in this matter.

Emphasis added.

On March 17, 2008, Defendant filed its Notice of Removal. Defendant based its removal on diversity jurisdiction, stating that the amount in controversy exceeds $75,000.00. The Notice of Removal includes Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Admissions. The Notice of Removal also states at paragraph twelve that "[i]t is undisputed that Plaintiff's medical bills stemming from the subject automobile accident exceed $75,000.00."

Plaintiff now argues that this action should be remanded because: (1) neither the Petition nor the Notice of Removal establish the requisite amount in controversy for removal based on diversity jurisdiction, and (2) the Notice of Removal was untimely. The court will address Plaintiff's arguments in reverse order below. The court also notes that in Plaintiff's Motion to Stay, Plaintiff makes the following strange assertion: "Without a ruling on Plaintiff's Motion to Remand, Plaintiff cannot participate in the full benefits of discovery without fear of acquiescing in Progressive's Removal."

## TIMELINESS OF REMOVAL

Plaintiff argues that the removal was untimely because it was not accomplished within thirty (30) days from service of process. As Defendant points out, 28 U.S.C. § 1446(b) states in pertinent part:

*If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). In her response to Defendant's fifth request for admission, Plaintiff *denied* that she was not seeking an amount in excess of $75,000.00. This paper, therefore, confirmed to Defendant the fact that Plaintiff was likely seeking an amount in excess of $75,000.00. Defendant filed its Notice of Removal within thirty days of its counsel of record receiving this "paper from which it ... first [could] be ascertained that the case [was] one which ... [had] become removable."

Plaintiff argues that her response to Defendant's request for admission did not qualify as an "other paper" because she did not give Defendant "an unequivocally clear and certain" answer that the amount in controversy exceeds $75,000.00. This court does not agree with Plaintiff's reasoning. It could be "ascertained that the case [was] one which ... [had] become removable" pursuant to diversity jurisdiction based on Plaintiff's denial that the amount in controversy was not in excess of the jurisdictional amount. Her response was an "other paper." Defendant's removal was timely. Plaintiff's second argument is, therefore, overruled.

**ESTABLISHMENT OF THE REQUISITE AMOUNT IN CONTROVERSY**

■ In order for a federal court to exercise jurisdiction in a diversity case, the amount in controversy must be in excess of $75,000.00. 28 U.S.C. § 1332(a). The Tenth Circuit has held that "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The party requesting removal bears the burden of setting forth "in the notice of removal itself, the *'underlying facts* supporting [the] assertion that the amount in controversy exceeds' the jurisdictional amount.'" *Id.* (citation omitted). "Moreover, there is a presumption against removal jurisdiction." *Id.*

Plaintiff argues that neither the Petition, nor the Notice of Removal establish the requisite amount in controversy for removal based on diversity jurisdiction. Plaintiff is correct that the face of the Petition does not establish that $75,000.00 is in controversy. Plaintiff is also correct that a defendant must allege facts in its removal notice and that conclusory statements are not sufficient to establish jurisdiction. In *Maxon v. Texaco Ref. and Mktg., Inc.*, 905 F.Supp. 976, 978 (N.D.Okla.1995), the court stated: "Texaco offers only a conclusory statement of Plaintiff's damages allegations and does not allege any underlying facts with respect to Plaintiff's claims for damages." [2] This is not, however, the situation before the court today.

■ Along with its good faith belief that the amount in controversy in this case exceeds $75,000.00, Defendant included in

---

**2.** Without a trace of irony, this court invites the parties to notice the identity of counsel in

the *Maxon* case.

its Notice of Removal the fact that when directed to admit or deny that her claims "do not exceed $75,000.00," Plaintiff *denied.* Clearly, Defendant's request for admission was carefully worded in order to corner Plaintiff into either limiting herself to an award of $75,000.00 or less in state court or subjecting herself to federal jurisdiction. Plaintiff may be unhappy with the outcome, but she has cited nothing and the court knows of no authority that would restrict Defendant from making such a request. Moreover, the Northern District of Oklahoma has directed that a defendant should have filed a motion to compel such an answer if it wished to use the answer in its removal notice. *See Friedman v. Shelter Mut. Ins. Co.,* No. 07–CV–0583, 2007 WL 3113428, at *3 (N.D.Okla. Oct. 22, 2007). In any event, Defendant did include facts sufficient to establish that the amount in controversy exceeds the requisite jurisdictional amount. Defendant specifically stated that Plaintiff's medical bills themselves exceeded $75,000.00. That economic analysis of Plaintiff's claims, combined with Plaintiff's denial of the requested admission, is sufficient to support diversity jurisdiction.

■ Plaintiff argues that in denying the request she was really just refusing to respond. The fact remains, however, no matter Plaintiff's intention, that when she chose to deny rather than admit Defendant's request for admission, she was denying the truth of the statement that her "total alleged damages against Progressive do not exceed $75,000.00." In any event, her subjective intent is of no effect. Ultimately at issue is whether at the time of the removal facts were present in the Petition or in the Notice of Removal that establish the requisite amount in controversy for this action to be removed based on diversity jurisdiction. *See Laughlin.*

While a presumption against removal exists, *id.,* and uncertainties are resolved in favor of remand *Martin v. Franklin Capital,* 251 F.3d 1284, 1290 (10th Cir.2001), the jurisdictional amount need be affirmatively proven only by a preponderance of the evidence. *Id.* The court is satisfied that Defendant's Notice of Removal included facts sufficient to establish the requisite amount in controversy by a preponderance of the evidence. Plaintiff's Motion to Remand is therefore overruled on this ground as well.

### ADDITIONAL NOTES

The court notes that, while it is perfectly willing to whittle down its docket by remanding cases, it is growing a bit weary of plaintiffs attempting to hide behind the Oklahoma pleading code to avoid federal jurisdiction. This court has received one motion to remand after another with plaintiffs complaining that, under the Oklahoma pleading code, they should not have to let defendants know whether or not they are seeking more than $75,000.00. The court has little sympathy for such games. It does not follow that simply because the Oklahoma pleading code only requires plaintiffs to state that at a minimum they are seeking an amount in excess of $10,000.00 that plaintiffs may then hide the actual amount they are seeking to avoid federal diversity jurisdiction.

In this case, Plaintiff has never stated that the amount in controversy is *not* over $75,000.00. In fact, as the court noted above, this Plaintiff asserted in her Motion to Stay that to participate fully in discovery, she fears she would ultimately acquiesce in the removal. She provides no clear legal authority or factual scenario for how this "acquiescence" would actually occur in this case.[3] Moreover, the court

---

**3.** Plaintiff might be arguing that the mere act    of participating in discovery would be a waiv-

does not buy Plaintiff's argument that further discovery is needed to determine the amount of her own damages. The court reminds the Plaintiff that an award of *actual* damages is designed to reasonably compensate her for what *she* has suffered. *See CitiFinancial Mortg. Co., Inc. v. Frasure*, No. 06–CV–160, 2008 WL 2199496, at *10 (N.D.Okla. May 23, 2008). Perhaps Plaintiff believes she is in need of further discovery to find some bad conduct by Defendant. Yet, objectionable conduct by a defendant, no matter how depraved, has no affect on the amount of *actual* damages. Who better to know the amount of damages she has suffered than Plaintiff herself? The court is not sure how further discovery will assist Plaintiff in ascertaining the amount of *her own* damages, and Plaintiff has provided the court with no guidance to solve that riddle. Thus, the court fears her professed ignorance of the actual amount in controversy is simply part of her attempt to play hide the ball and avoid federal jurisdiction. The court is not amused.

■ The court has previously speculated that perhaps the removal regime following the *Laughlin* decision permitted such games[4], and may unintentionally give plaintiffs an incentive to play games with both discovery and removal mechanisms.[5] Moreover, when a plaintiff is requesting emotional distress damages, such as here, the question becomes how a defendant is to present an "economic analysis" of such non-economic damages when the information as to those damages resides literally and solely within the plaintiff. Accordingly, this court will no longer blithely ignore evasive machinations designed entirely to thwart federal jurisdiction. An evasive answer to a request for admission regarding the amount of damages will now and henceforth be construed by this court against the evading party. The court will, of course, take the facts of each case individually. Unfortunately many such cases are just like this one: The Plaintiff *knows* the amount sought exceeds $75,000.00. The Defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. Indeed, the court *knows* that the parties themselves know it.

## CONCLUSION

Defendant's Notice of Removal was timely and included facts sufficient to es-

---

er to her objection to federal jurisdiction. Plaintiff cites two cases ostensibly in support of this assertion, *Donahue v. Warner Bros. Pictures*, 194 F.2d 6 (10th Cir.1952) and *Parks v. Montgomery Ward & Co.*, 198 F.2d 772 (10th Cir.1952). Both are inapposite as they involve only improper removal procedures and not the lack of jurisdictional requirements themselves. On the other hand, Plaintiff may be complaining that by participating in discovery, she will at some point be forced to disclose that she is, in fact, seeking in excess of $75,000.00. Such a concern is probably well founded, but is of no moment in deciding the present motions.

4. The court recognizes that this outcome may diverge from other extant decisions from Oklahoma district courts. *See e.g. Barber v. Albertsons, Inc.*, 935 F.Supp. 1188, 1191 (N.D.Okla.1996); *Johnson v. Wal–Mart Stores, Inc.*, 953 F.Supp. 351, 353 (N.D.Okla.1995). The court also recognizes that this outcome may diverge from other decisions within this district. *See e.g. Lowe v. Equity Insurance Co.*, No. CIV–06–446, 2006 WL 3337470, at *4 (E.D.Okla. Nov. 15, 2006); *Mamah v. American Loss Mitigation Consortium of Atlanta*, No. CIV–06–338, 2006 WL 2970449, *2–3 (E.D.Okla. Oct. 12, 2006). Finally, the court recognizes that its own thoughts have evolved on the subject. *See* this court's March 13, 2008 Order in CIV–07–387.

5. Conversely to the strict parsing courts are required to give removal papers, pleadings themselves require "no technical form" and must be "construed so as to do justice." *See* Rule 9(d)(1) and (e), Fed.R.Civ.P.

tablish the requisite amount in controversy by a preponderance of the evidence. Consequently, Plaintiff's Motion to Remand [Docket No. 12] is hereby DENIED. Plaintiff's Motion to Stay [Docket No. 26] is DENIED as MOOT.