**Elaine J. MOLZAHN, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Bloomington, Illinois, Appellee.**

No. 85–69.

United States Court of Appeals, Tenth Circuit.

Feb. 16, 1970.

William H. Stowell, Phillipsburg, Kan., for appellant.

J. Eugene Balloun, Great Bend, Kan., for appellee.

Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

This case is here on appeal from an order of the trial court granting summary judgment in favor of the defendant-appellee.

The plaintiff-appellant's husband, while driving a commercial vehicle in the course of his employment, was involved in a one vehicle accident in which he received bodily injuries that resulted in his death. At the time, there was in force an automobile insurance policy issued by the defendant to the deceased and his wife, the plaintiff, affording death benefits for the accidental death of either. Excluded from the coverage, however, was bodily injury "sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation * * * of a commercial automobile * * *", and "bodily injury" by policy definition included "death at any time resulting therefrom". Because of this provision, the insurance company refused to pay and this suit resulted.

The action was originally filed in the District Court of Phillips County, Kansas, and was for the face amount of the policy, $10,000.00, and for costs and attorneys fees. The case was removed by the defendant to the United States Dis-

trict Court for the District of Kansas, and no question of jurisdiction has been raised. It is agreed that there was diversity of citizenship between the parties, and the amount sued for, together with attorneys fees authorized in suits of this character by the Kansas statutes, makes the amount in controversy sufficient for federal jurisdiction. Missouri State Life Insurance Company v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267. The only issue, therefore, is whether or not the exclusionary provisions of the policy are explicit enough to be effective.

We have examined the record and conclude that for the reasons set forth in the memorandum opinion of the District Court, 308 F.Supp. 1144, no coverage was afforded under the policy in the circumstances here involved.

Affirmed.