Denise Ann Vinet, Vinet & Vinet, Baton Rouge, LA, for plaintiffs.

Jerome Reid, pro se.

William C. Kaufman, III, Seale, Smith, Zuber & Barnette, Baton Rouge, LA, for defendants.

**Jerome REID and Mrs. Jerome Reid**

v.

**DELTA GAS, INC. and Cigna Insurance Company.**

**Civ. A. No. 92–1106–B.**

United States District Court,
M.D. Louisiana.

Aug. 24, 1993.

## RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiffs' motion to remand. For reasons which follow, the Court finds that the motion should be denied.

On November 28, 1991, Jerome Reid was assaulted while on the premises of a gas station in Burnside, Louisiana. Reid filed suit in the 23rd Judicial District Court for the Parish of Ascension, Louisiana, against the owner of the gas station, MAPCO Petroleum, Inc. ("MAPCO").[1] MAPCO timely re-

---

1. MAPCO Petroleum, Inc. d/b/a Delta Express, the owner of the gas station, was erroneously referred to as Delta Gas, Inc. in the plaintiffs' petition. Plaintiffs also named CIGNA Insurance

moved the suit to federal court.

Following the removal of the suit by MAP-CO, plaintiffs filed the ex parte motion to remand now before the Court. Plaintiffs contend that the amount in controversy in this case is less than $50,000. Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.[2] As support for this contention, plaintiffs cite their own good faith belief that the amount in controversy is less than the jurisdictional amount. Plaintiffs further cite their own settlement offer to the defendants of $25,000.

Defendant argues that an offer made by the plaintiff during pre-suit settlement negotiations should not determine whether the requisite amount in controversy is met under § 1332. Defendant further notes that plaintiffs' complaint is not determinative of the issue because Louisiana law precludes a plaintiff from requesting a specific amount of damages.[3]

The Fifth Circuit addressed this issue in *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombia (ANPAC) v. Dow Quimica De Colombia S.A.*[4] In *Dow Quimica*, commercial fishermen from Columbia sued an American corporation in state court for unspecified damages arising out of a chemical spill. The defendant removed the case to federal court. The plaintiffs then requested a remand to state court, arguing that the suit did not place the requisite amount in controversy. The Fifth Circuit held that the removing party bears the burden of establishing the basis of federal jurisdiction.[5] However, the Fifth Circuit declined to define the removing party's burden in all situations. Instead, the Court found that the defendant had failed to meet

its burden under the specific facts of the case.

In *Dow Quimica*, the plaintiffs' complaint did not specify an amount of damages, and it was not otherwise apparent that the damages incurred by the plaintiffs were above the jurisdictional amount. Furthermore, the defendant offered only a conclusory statement in its notice of removal that the plaintiffs' claims did not amount to $50,000. The defendant's statement was not based on any direct knowledge of the plaintiffs' claims, and was not supported by any evidence. Finally, the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the amount in controversy was less than $50,000.[6]

The Reids' complaint, like the complaint in *Dow Quimica*, does not specify an amount of damages sought by the plaintiffs. However, there are few other similarities between the two cases. In the present case, counsel for plaintiffs refuses to stipulate that the amount in controversy is less than $50,000, in spite of counsel's "good faith belief" that the jurisdictional minimum is not met.[7] Furthermore, MAPCO does not rely upon a conclusory statement in its notice of removal to oppose the plaintiff's motion to remand. Instead, MAPCO introduced deposition testimony from the plaintiff, Jerome Reid, to establish the basis of federal jurisdiction.

Reid testified in the deposition that, following the assault, he was transported to the Riverview Medical Center in Gonzalez. Then, because he was near death, he was taken to Our Lady of the Lake Regional Medical Center in Baton Rouge so he could

Company as a defendant in this action. However, the Court granted CIGNA's motion for summary judgment on May 10, 1992, and dismissed CIGNA from this action.

2. The plaintiffs' motion to remand does not question the citizenship of the parties. Therefore, if the plaintiffs' claim for relief meets the jurisdictional requirement set forth in 28 U.S.C. § 1332, the case is properly before the Court.

3. See La.Code Civ.P. art. 893(A)(1) (1993).

4. 988 F.2d 559 (5th Cir.1993).

5. *Dow Quimica*, 988 F.2d at 563; *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir.1961).

6. *Dow Quimica*, 988 F.2d at 566.

7. By order dated July 6, 1993, the Court required the plaintiffs to stipulate that "they will not seek, nor accept more than $50,000 in this matter" before the Court would grant the motion to remand. The plaintiffs refused to return such a stipulation.

be examined by a neurosurgeon.[8] Reid spent at least nine days in the hospital in Baton Rouge.[9] Reid further stated that he still suffers from dizziness, vertigo, memory loss, and a 70–90% hearing loss in his left ear.[10]

In a letter attached to the plaintiff's deposition, Dr. Allen Joseph, the neurosurgeon who treated the plaintiff, stated that Reid had suffered a closed head injury with a basilar skull fracture. Dr. Joseph further stated that the plaintiff is "likely to be left with significant hearing problems and possibly a balance disorder in the future."

After considering the facts of this case and the Fifth Circuit's holding in *Dow Quimica,* the Court finds that MAPCO has met its burden of establishing a basis for federal jurisdiction. Therefore:

IT IS ORDERED that the plaintiffs' motion to remand be and it is hereby DENIED.

8. Plaintiff's deposition at p. 18.

9. Plaintiff's deposition at p. 19.

10. Plaintiff's deposition at pp. 23–27, 32–34.