Larry **LAUGHLIN, Plaintiff–Appellant,**

v.

**KMART CORPORATION, Defendant–Appellee.**

No. 94–5107.

United States Court of Appeals, Tenth Circuit.

March 20, 1995.

---

Michael H. Freeman (James E. Frasier and Gary Brasel with him on the brief), of Frasier & Frasier, Tulsa, OK, for plaintiff-appellant.

Kathy R. Neal (Lynn Paul Mattson and Kristen L. Brightmire with her on the brief), of Doerner, Stuart, Saunders, Daniel, Anderson & Biolchini, Tulsa, OK, for defendant-appellee.

Before EBEL and KELLY, Circuit Judges, and BROWN, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Larry Laughlin appeals the district court's order granting Defendant-appellee Kmart's motion for summary judgment. Due to a lack of jurisdiction, we remand to the district court with instructions to vacate the judgment and remand the action to state court.

## Background

In January of 1993, Mr. Laughlin, a former employee of Kmart, filed a petition in Oklahoma state district court alleging a breach of his employment contract and wrongful constructive termination. Mr. Laughlin's petition alleged damages for each claim "in excess of $10,000." Kmart subsequently filed a notice of removal to federal court. The notice itself did not refer to an amount in controversy, although Plaintiff's petition was attached as an exhibit.

[†] Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

Mr. Laughlin neither objected to removal nor questioned the amount in controversy. The federal district court subsequently granted summary judgment in favor of Kmart on the constructive termination claim. Mr. Laughlin appeals. We raise the issue of the existence of diversity jurisdiction and find the same lacking.

*Discussion*

In order for a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). " 'A court lacking jurisdiction ... must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.' " *Tuck v. United Services Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir.1988) (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)), *cert. denied,* 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989).

■ Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. *See Ins. Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). Moreover, if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. *Tuck,* 859 F.2d at 844. " '[T]he rule ... is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record.' " *Compagnie des Bauxites,* 456 U.S. at 702, 102 S.Ct. at 2104 (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)).

■ The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.,* 421 F.2d 597, 599 (10th Cir.1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the *"underlying facts supporting [the] assertion that the amount in controversy exceeds $50,000." Gaus v.*

*Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992). Moreover, there is a presumption against removal jurisdiction. *Id.*

■ Neither Laughlin's petition nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The petition merely alleges that the amount in controversy is in excess of $10,000 for each of two claims. Aplt.App. at 1. The notice of removal does not refer to an amount in controversy, although the petition is attached as an exhibit to the notice. Aplee.App. at 1. Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000. *See* Appellee's Brief at 4–5. Kmart failed, however, to include any of these facts in its notice of removal.

■ Kmart's argument that the jurisdictional minimum is established by the removal notice's reference to the removal statute, 28 U.S.C. § 1441, is without merit. The removal statute does not refer to the requisite $50,000 amount in controversy, thus no jurisdictional amounts are incorporated into the removal notice by reference to the statute. Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

Kmart relies on *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993). *Shaw,* however, is inapposite because in *Shaw* the defendant's removal petition stated a good faith belief that the amount in controversy was greater than $50,000. When the court questioned the parties about this amount, the plaintiff took up the jurisdictional issue "with a vengeance," steadfastly maintaining that his complaint was worth less than $50,000. *See Shaw,* 994 F.2d at 366. By holding that jurisdiction existed, the Seventh Circuit prevented the plaintiff from manipulating the

process in order to void an otherwise perfected removal. *See id.* at 368.

 The *Shaw* court held that the plaintiff had conceded jurisdiction because he failed to contest removal when the motion was originally made, and because he stated in his opening appellate brief that the amount in controversy exceeded $50,000. *Id.* at 367–68. We do not agree, however, that jurisdiction can be "conceded." Rather, we agree with the dissenting opinion that "subject matter jurisdiction is not a matter of equity or of conscience or of efficiency," but is a matter of the "lack of judicial *power* to decide a controversy." *Id.* at 371 (Shadur, J., dissenting). In this case, such power is clearly lacking.

We remand to the district court with instructions to vacate its judgment and remand the action to state district court.

REMANDED.