**Penny HERBER, Plaintiff,**

v.

**WAL–MART STORES, Defendant.**

**No. 95–CV–1016–J.**

United States District Court,
D. Wyoming.

April 7, 1995.

George Santini, Santini Law Offices, Cheyenne, WY, for plaintiff.

Roger E. Shumate, Thomas R. Smith, Todd H. Hambrick, Murane & Bostwick, Casper, WY, for defendant.

### DECISION GRANTING MOTION TO REMAND

ALAN B. JOHNSON, Chief Judge.

This matter came before the court on April 7, 1995, for hearing on Plaintiff's Resistance to Removal and Motion to Remand. The court has considered the Resistance to Removal and Motion to Remand and Supporting Memorandum, Defendant's Response, the entire record in this case including the Complaint and Notice of Removal, has heard argument of counsel and is fully advised.

On December 19, 1994, the Complaint in this wrongful termination case was filed in the District Court, First Judicial District, Laramie County, Wyoming. In her Complaint, Plaintiff alleged breach of contract and implied covenant of good faith and fair dealing claims but did not specifically allege the amount of damages.

On February 24, 1995, Defendant moved for removal alleging diversity jurisdiction. Defendant is an Arkansas Corporation with its principal place of business in Bentonville, Arkansas. The Notice of Removal states the damages are "believed by the defendant to exceed the sum of $50,000, exclusive of interest and costs." Defendant did not include in its Notice of Removal any underlying facts that would support the assertion of damages in excess of the jurisdictional requirement.

Plaintiff opposes removal and seeks to have the case remanded. Plaintiff contends damages are in the area of $5,778.75, plus about $625 a year for approximately 30 years in future damages.

In a recent case, the Tenth Circuit examined a strikingly similar attempt at removal under 28 U.S.C. § 1332(a). *Laughlin v. Kmart Corporation,* 50 F.3d 871 (10th Cir. 1995). In *Laughlin,* as in the present case, the defendant filed a Notice of Removal that did not set forth underlying facts supporting the assertion that the amount in controversy exceeded $50,000. The Tenth Circuit stated:

The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.,* 421 F.2d 597, 599 (10th Cir.1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the "<u>underlying facts</u> supporting [the] assertion that the amount in controversy exceeds $50,-000." *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992). Moreover, there is a presumption against removal jurisdiction. *Id.*

*Id.* 50 F.3d at 873 (underlined emphasis in original).

In *Laughlin,* as in the present case, the defendant tried to remedy the failure to set forth underlying facts supporting its assertions of jurisdictional amounts in the Notice of Removal by stating such underlying facts in its jurisdictional brief. The Tenth Circuit held this was not sufficient:

Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

*Id.* at 873.

■ Because Defendant did not meet its burden of showing the propriety of removal by showing the underlying facts in support of its allegation or belief about the amount in controversy in the Notice of Removal itself, the court will grant Plaintiff's Motion for Remand. *See Mathews v. County of Fremont, Wyoming,* 826 F.Supp. 1315, 1318 (D.Wyo.1993) (party seeking removal has burden of showing propriety of removal).

■ Practitioners in Wyoming should be made aware that, under *Laughlin,* the jurisdictional allegation is determined as of the time of filing the Notice of Removal. An affidavit setting forth underlying facts will properly support a Notice of Removal.