**Lawrence J. HOMOLKA, Plaintiff,**

v.

**HARTFORD INSURANCE GROUP, Individually and d/b/a Hartford Underwriters Insurance Company, Defendant.**

No. 95–C–727 (H).

United States District Court,
N.D. Oklahoma.

Nov. 16, 1995.

Lawrence T. Shiles, Lawrence T. Shiles & Assoc., Tulsa, OK, Alfred Morlan, Morlan & Associates, Tulsa, OK, Dale Ellis, Tulsa, OK, for plaintiff.

Paul Telhiard Boudreaux, Galen L. Brittingham, William Fiasco, Kirsten E. Pace, Atkinson Haskins Nellis, Boudreaux Holeman Phipps, Tulsa, OK, for defendant.

## ORDER

HOLMES, District Judge.

This matter comes before the Court on Plaintiff's Motion to Dismiss for Lack of Jurisdiction. The Court treats this Motion as a Motion to Remand. Plaintiff originally brought this action in Tulsa County District Court. Defendant removed the case on the basis of diversity jurisdiction. It is uncontroverted that complete diversity of citizenship exists between the parties. The only question remaining for the Court is whether the jurisdictional amount is satisfied.

 In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). Here, the face of the petition did not establish that Plaintiff sought in excess of $50,000. The Tenth Circuit has recently clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $50,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citation omitted) The burden is on the party requesting removal to set forth, in the notice of removal itself, the *"underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000." (citation omitted) Moreover, there is a presumption against removal jurisdiction. (emphasis in original)

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995).

Where the face of the petition does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also facts underlying defendant's assertion.

In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin,* 50 F.3d at 873. And the Tenth Circuit has clearly stated what is required to satisfy that burden.

Here, Defendant did not comply with the requirements of *Laughlin* in the Notice of Removal. In addition, Plaintiff filed a Declaration clarifying, under oath, that, in the petition, he did not seek in excess of $50,000. Because Defendant has not met its burden, as defined by the *Laughlin* court, and because Plaintiff does not seek in excess of $50,000 in this case, the Court hereby grants Plaintiff's Motion to Remand (Docket # 8) and orders the Court Clerk to remand the case to District Court in and for Tulsa County.

IT IS SO ORDERED.