Melissa F. MARTIN, surviving spouse of Rex L. Martin, deceased, Plaintiff,

v.

**MISSOURI PACIFIC RAILROAD COMPANY d/b/a Union Pacific Railroad Company, a foreign corporation, Defendant.**

No. 95–C–289–H.

United States District Court, N.D. Oklahoma.

March 19, 1996.

James E. Frasier, Frasier Frasier & Hickman, Tulsa, OK, for plaintiff.

Jeannie C. Henry, Tom L. Armstrong, Richard E. Howard, Carey Cobb Calvert, Tom L. Armstrong & Associates, Tulsa, OK, for defendant.

---

### ORDER

HOLMES, District Judge.

This matter comes before the Court on Plaintiff's Motion to Remand (Docket # 2). Plaintiff originally brought this action in Mayes County District Court. Her petition alleges a cause of action for negligence and requests compensatory damages "in excess of $10,000" and punitive damages "in excess of $10,000."[1] Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiff has moved to remand, claiming that diversity jurisdiction does not exist.

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). The Tenth Circuit has recently clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $50,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citation omitted) The burden is on the party requesting removal to set forth, in the notice of removal itself, the "*underlying facts* supporting [the] assertion that

the amount in controversy exceeds $50,-000." Moreover, there is a presumption against removal jurisdiction.

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995) (citation omitted).

In *Laughlin,* the plaintiff originally brought his action in state court. Defendant removed to federal court based on diversity jurisdiction. The court granted summary judgment to defendant, and plaintiff appealed. On appeal, the Tenth Circuit raised the issue of subject matter jurisdiction and remanded the case to state court. Neither the petition nor the notice of removal had established the requisite jurisdictional amount. The petition alleged that the amount in controversy was "in excess of $10,000" for each of two claims. The notice of removal did not refer to an amount in controversy, but did contain a reference to the removal statute, 28 U.S.C. § 1441. In its brief on the issue of jurisdiction, Kmart set forth facts alleging that, at the time of removal, the amount in controversy was well above the jurisdictional minimum of $50,000. However, Kmart failed to include those facts in its notice of removal.

The Tenth Circuit held that:

> Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

*Laughlin,* 50 F.3d at 873.

In *Laughlin,* Kmart attempted to rely on *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993). The *Shaw* court held that "the plaintiff had conceded jurisdiction because he failed to contest removal when the motion was originally made, and because he stated in his opening appellate brief that the

---

1. In Oklahoma, the general rules of pleading require that:

    [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

    12 Okla.Stat.Ann. § 2008(A)(2).

amount in controversy exceeded $50,000." The Tenth Circuit distinguished *Shaw,* stating:

> [w]e do not agree, however, that jurisdiction can be "conceded." Rather, we agree with the dissenting opinion that "subject matter jurisdiction is not a matter of equity or of conscience or of efficiency," but is a matter of the "lack of judicial *power* to decide a controversy."

*Laughlin,* 50 F.3d at 874 (citation omitted).

■ In the instant case, neither the allegations in the petition nor the allegations in the removal documents establish the requisite jurisdictional amount. Plaintiff's petition seeks actual damages "in excess of $10,000" and punitive damages "in excess of $10,000." Accordingly, the petition alleges damages "in excess of $20,000." Furthermore, Defendant has not complied with the requirements of *Laughlin* in the removal documents. Specifically, Defendants offers only a conclusory statement that "[t]he matter in controversy, between Plaintiff and Defendant, exceeds Fifty Thousand and No/100ths Dollars ($50,-000), exclusive of interests and costs." Notice of Removal at 2.

■ Where the face of the petition does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also facts underlying defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin,* 50 F.3d at 873. And the Tenth Circuit has clearly stated what is required to satisfy that burden. Because Defendant has not met its burden, as defined by the *Laughlin* court, this Court must grant Plaintiff's motion to remand.

The Court hereby grants Plaintiff's Motion to Remand (Docket # 12) and orders the Court Clerk to remand the case to District Court in and for Mayes County.

IT IS SO ORDERED.