W.L. HUGHES and Lucille A. Hughes, Plaintiffs,

v.

E–Z SERVE PETROLEUM MARKETING COMPANY, Defendant.

No. 95–C–1240–H.

United States District Court, N.D. Oklahoma.

April 12, 1996.

Samuel Thomas Allen, III, Loeffler, Allen & Ham, Sapulpa, OK, for plaintiffs.

James E. Weger, Robert R. Peters, Jones Givens Gotcher & Bogan, Tulsa, OK, for defendant.

## ORDER

HOLMES, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Remand (Docket # 5).

Plaintiffs originally brought this action in the District Court of Creek County. Their petition contains the following prayer for relief:

(a) All of [Plaintiffs] damages which they may prove at trial in no event less than $10,000;[1] and

(b) Exemplary damages in no event less than $10,000; and

(c) That actual and punitive damages in no event, however, should exceed a total sum of $49,900.00; and

(d) Plaintiffs' costs herein, including, but not limited to, reasonable attorneys fees; and

(e) Such other and further relief as the Court deems just and proper.

Petition at 4. Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiffs filed this motion to remand, claiming that diversity jurisdiction does not exist.

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). The Tenth Circuit has recently clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $50,000. The Tenth Circuit stated:

[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citation omitted) The burden is on the

party requesting removal to set forth, in the notice of removal itself, the *"underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,-000." Moreover, there is a presumption against removal jurisdiction.

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995) (citation omitted).

In *Laughlin,* the plaintiff originally brought his action in state court. Defendant removed to federal court based on diversity jurisdiction. The court granted summary judgment to defendant, and plaintiff appealed. On appeal, the Tenth Circuit raised the issue of subject matter jurisdiction and remanded the case to state court. Neither the petition nor the notice of removal had established the requisite jurisdictional amount. The petition alleged that the amount in controversy was "in excess of $10,000" for each of two claims. The notice of removal did not refer to an amount in controversy, but did contain a reference to the removal statute, 28 U.S.C. § 1441. In its brief on the issue of jurisdiction, Kmart set forth facts alleging that, at the time of removal, the amount in controversy was well above the jurisdictional minimum of $50,000. However, Kmart failed to include those facts in its notice of removal.

The Tenth Circuit held that:

Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

*Laughlin,* 50 F.3d at 873.

In *Laughlin,* Kmart attempted to rely on *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993). The *Shaw* court held that "the

---

1. In Oklahoma, the general rules of pleading require that:

[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specif-

ic amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

12 Okla.Stat.Ann. § 2008(2).

plaintiff had conceded jurisdiction because he failed to contest removal when the motion was originally made, and because he stated in his opening appellate brief that the amount in controversy exceeded $50,000." The Tenth Circuit distinguished *Shaw*, stating:

> [w]e do not agree, however, that jurisdiction can be "conceded." Rather, we agree with the dissenting opinion that "subject matter jurisdiction is not a matter of equity or of conscience or of efficiency," but is a matter of the "lack of judicial *power* to decide a controversy."

*Laughlin*, 50 F.3d at 874 (citation omitted).

In the instant case, Plaintiffs' petition seeks actual damages "in excess of $10,000" and exemplary damages "in no event less than $10,000." The petition further states that "actual and punitive damages in no event ... should exceed a total sum of $49,-900." Defendant has not undertaken to satisfy in its Notice of Removal *Laughlin*'s requirement for "underlying facts." Rather, Defendant attempted to meet its burden by making the following statement:

> Although the Plaintiffs have claimed actual and punitive damages each in excess of $10,000, they also state in their petition that in no event shall actual and punitive damages exceed a total sum of $49,900.00. However, Plaintiffs also request attorneys fees, pursuant to Title 12 Okla.Stat. § 940 as this is an action to recover damages for injury to real property. Likewise, attorney fees are provided for in the lease agreement which is attached to Plaintiffs' Petition as Exhibit "A". Accordingly, should Plaintiffs prevail in this action and recover actual and punitive damages totaling $49,900, the additional sum for attorneys fees would certainly exceed the jurisdictional requisite of $50,000.00.

Notice of Removal at 2 ¶ 3.

The Court agrees that attorneys' fees may be included in the damage calculation for purposes of diversity jurisdiction when there is a statutory right to such fees. See *Missouri State Life Ins. v. Jones*, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Molzahn v. State Farm Mut. Auto. Ins.*, 422 F.2d 1321 (10th Cir.1970). Further, the Court accepts Defendant's statement that, if successful, Plaintiffs are legally entitled to attorneys fees pursuant to statutory and contractual rights. The Court disagrees, however, with Defendant's assertion that the starting point for purposes of the instant damage calculation is $49,900. A claim for damages "in no event less than $10,000" and "in no event ... exceed[ing] ... $49,900" is simply not a claim for damages in the amount of $49,900. Rather, such a claim is the legal equivalent of a claim for damages "in excess of $10,000." Therefore, the face of the petition in this case does not relieve Defendant of its obligation to demonstrate in its removal documents that it is entitled to federal jurisdiction. *See Laughlin*, 50 F.3d 871.

Where the face of the petition does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the Notice of Removal, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also underlying facts in support of the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. There is a presumption against removal jurisdiction, and the removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin*, 50 F.3d at 873. The Tenth Circuit has clearly stated what is required to satisfy that burden. Because Defendant have not met its burden, as defined by the *Laughlin* court, this Court must grant Plaintiffs' motion to remand.

The Court hereby grants Plaintiffs' Motion to Remand (Docket # 5) and orders the Court Clerk to remand the case to District Court in and for Creek County.

IT IS SO ORDERED.