**Kendall D. BARBER, Plaintiff,**

v.

**ALBERTSONS, INC., Defendant.**

No. 96–C–354(H).

United States District Court, N.D. Oklahoma.

June 12, 1996.

Alan R. Carlson, Garrison, Brown, Carson & Buchanan, Bartlesville, OK, for plaintiff.

Steven E. Holden, Mark T. Steele, Best Sharp Holden Sheridan Best & Sullivan, Tulsa, OK, for defendant.

### ORDER

HOLMES, District Judge.

This matter comes before the Court on Defendant's petition for removal.[1] Plaintiff originally brought this action in the District Court for Washington County. Plaintiff's petition alleges one cause of action and claims

---

1. In pertinent part, the statute governing "procedure for removal" states that:

    [t]he United States district court in which [the notice for removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

    If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require.

    See also 28 U.S.C. § 1447(c) (procedure after removal) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

damages "in excess of $10,000.00" for this cause of action.[2] Defendant Albertsons, Inc. ("Albertsons") filed a petition for removal stating that removal is proper on the basis of diversity jurisdiction.

It appears that complete diversity of citizenship exists between the parties. The question remaining for the Court is whether the jurisdictional amount is satisfied under 28 U.S.C. § 1332(a).

## I.

■ Initially, the Court notes that federal courts are courts of limited jurisdiction. Further, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly, where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $50,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $50,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citation omitted). The burden is on the party requesting removal to set forth, in the notice of removal itself, the *"underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,-000." (citation omitted). Moreover, there is a presumption against removal jurisdiction. (emphasis in original).

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied,* —— U.S. ——, 116

S.Ct. 174, 133 L.Ed.2d 114 (1995); *e.g., W.L. Hughes & Lucille A. Hughes v. E–Z Serve Petroleum Marketing Co.*, 932 F.Supp. 266 (N.D.Okla.1996) (applying *Laughlin* and remanding case); *Melissa F. Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co.*, 932 F.Supp. 264 (N.D.Okla.1996) (same); *Herber v. Wal–Mart Stores,* 886 F.Supp. 19, 20 (D.Wyo.1995) (same); *Lawrence J. Homolka v. Hartford Ins. Group, Individually and d/b/a Hartford Underwriters Ins. Co.*, No. 95–C–727(H) (N.D.Okla. 1995) (same); *Travis Johnson v. Wal–Mart Stores, Inc.*, No. 95–C–1176(H) (N.D.Okla. 1995) (same); *Maxon v. Texaco Ref. & Marketing Inc.*, 905 F.Supp. 976 (N.D.Okla.1995) (Holmes, J.) (same).

In *Laughlin,* the plaintiff originally brought his action in state court. Defendant removed to federal court based on diversity jurisdiction. The court granted summary judgment to defendant, and plaintiff appealed. On appeal, the Tenth Circuit raised the issue of subject matter jurisdiction and remanded the case to state court. Neither the petition nor the notice of removal had established the requisite jurisdictional amount. The petition alleged that the amount in controversy was "in excess of $10,000" for each of two claims. The notice of removal did not refer to an amount in controversy, but did contain a reference to the removal statute, 28 U.S.C. § 1441. In its brief on the issue of jurisdiction, Kmart set forth facts alleging that, at the time of removal, the amount in controversy was well above the jurisdictional minimum of $50,000. However, Kmart failed to include those facts in its notice of removal.

The Tenth Circuit held that:

Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirma-

---

**2.** In Oklahoma, the general rules of pleading require that:

[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), except in actions sounding in contract.

Okla.Stat.Ann. tit. 12, § 2008(2) (West 1993).

tively established on the face of either the petition or the removal notice.

*Laughlin,* 50 F.3d at 873.

In *Laughlin,* Kmart attempted to rely on *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993). The *Shaw* court held that "the plaintiff had conceded jurisdiction because he failed to contest removal when the motion was originally made, and because he stated in his opening appellate brief that the amount in controversy exceeded $50,000." The Tenth Circuit distinguished *Shaw,* stating:

> [w]e do not agree, however, that jurisdiction can be "conceded." Rather, we agree with the dissenting opinion that "subject matter jurisdiction is not a matter of equity or of conscience or of efficiency," but is a matter of the "lack of judicial *power* to decide a controversy." (citation omitted).

*Laughlin,* 50 F.3d at 874.

## II.

The Tenth Circuit's interpretation of 28 U.S.C. § 1441, the statute governing a party's removal of a lawsuit to federal court predicated on diversity jurisdiction, is in accord with the views of other federal courts. In a comprehensive, well-reasoned opinion, the Sixth Circuit held that, where the amount of damages in the lawsuit is not specified, the removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $50,000. *Gafford v. General Elec. Co.,* 997 F.2d 150, 157–60 (6th Cir.1993); *accord Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) (where the complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000); *Shaw,* 994 F.2d at 366 (adopting preponderance of the evidence standard; removing defendant must produce proof to a reasonable probability that jurisdiction exists); *McCorkindale v. American Home Assurance Co./A.I.C.,* 909 F.Supp. 646, 653 (N.D.Iowa 1995) (same); *cf. Burns,* 31 F.3d at 1097 (where plaintiff alleges a specific claim for damages in an amount less than the jurisdictional amount, to establish removal jurisdiction, defendant must prove to a

legal certainty that, if plaintiff were to prevail, she would not recover less than $50,000).

In *Gafford,* a witness on behalf of the removing defendant, the Senior Counsel for Labor and Employment at the GE facility where Plaintiff was employed, testified at the pretrial hearing on jurisdiction that, if the Plaintiff were to prevail on her claims, she would be entitled to damages in an amount greater than $50,000. Plaintiff did not present any evidence contradicting that testimony. *Id.* at 160–61. On that basis, the Sixth Circuit upheld the district court's finding of removal jurisdiction. *Id.* at 161.

The *Gafford* court noted that its holding (that the appropriate burden of proof born by the removing party is the preponderance of the evidence) comports with the views expressed by the United States Supreme Court in *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Quoting *McNutt,* the *Gafford* court stated:

> [t]he authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that *the party alleging jurisdiction justify his allegations by a preponderance of the evidence.*

997 F.2d at 160.

To the extent that both *Laughlin* and *Gafford* represent the requirement that *underlying facts* be utilized by the removing party to satisfy its burden of proof, the Fifth Circuit is in accord. *See Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 566 (5th Cir. 1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). In *ANPAC,* a

group of Colombian fishermen sued a chemical manufacturer and its Colombian subsidiary in Texas state court for personal injuries such as "skin rashes" allegedly arising out of a pesticide spill. The complaint did not specify an amount of damages. Defendant Dow filed a notice of removal which stated simply that "the matter in controversy exceeds $50,-000 exclusive of interest and costs." *Id.* at 565. This conclusory statement did not establish that removal jurisdiction was proper. *Id.* The Fifth Circuit articulated its analysis in *Allen,* 63 F.3d at 1335, stating:

> [f]irst, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. (citations omitted). If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount. (citation omitted).
>
> Removal, however, cannot be based simply upon conclusory allegations. (citation omitted). Finally, under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time. (citation omitted).

*See also Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 273–74 (2d Cir.1994) ("We hold that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege *facts* adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.") (emphasis added); *Reid v. Delta Gas, Inc.,* 837 F.Supp. 751, 752 (M.D.La.1993) (motion to remand denied where removing party introduced deposition testimony of plaintiff and letter from neurosurgeon to establish federal jurisdiction).

These views of other federal courts are consistent with the central holding of *Laugh-*

*lin,* as expressed by the Tenth Circuit's statement that "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000." 50 F.3d at 873.

### III.

██ In the instant case, neither the allegations in the petition nor the allegations in the removal documents, establish the requisite jurisdictional amount. The petition alleges one claim. Plaintiff seeks damages "in excess of $10,000" for this claim. Thus, on its face, the petition does not establish that the amount in controversy is greater than $50,-000.00.

In the removal documents, Albertsons has not complied with the requirements set forth in *Laughlin* and the other authorities described above. The petition for removal does not allege any underlying facts whatsoever with respect to Plaintiff's claims for damages. Instead, Albertsons offers only a conclusory statement of Plaintiff's damages allegations in the petition for removal and states that Plaintiff's response to Defendant's first request for admissions will substantiate Defendant's claim that the value of the case exceeds $50,000. The request for admission asks Plaintiff to "[a]dmit that the amount in controversy in this action, including all claims for damages made by Plaintiff, does not exceed the sum or value of $50,000.00 exclusive of interest and costs." In response, Plaintiff denies this request for admission.

The effect of this denial is that Plaintiff has refused to admit that the amount in controversy does not exceed $50,000.00. The Court concludes that this response by Plaintiff, standing alone, does not affirmatively establish that the amount in controversy exceeds $50,000 for purposes of diversity jurisdiction.[3]

---

**3.** In its removal petition, Albertsons argues that it is appropriate to use a response to a request for admission to establish the amount in controversy, relying on *Judy Flood v. Wal–Mart Stores, Inc.,* No. 92–C–325–E (N.D.Okla. July 28, 1992).

*Laughlin,* however, was decided three years later, in 1995, and is now binding authority upon this Court. Clearly, any reliance upon outdated district court authority is misplaced.

## IV.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also *facts* underlying defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin*, 50 F.3d at 873. And the Tenth Circuit has clearly stated what is required to satisfy that burden.

Here, Albertsons relies upon Plaintiff's response to its request for admission as the underlying fact supporting its conclusion that the amount in controversy exceeds $50,-000.00. The Court believes, however, that under *Laughlin*, this is not adequate. As set out in *Johnson v. Wal-Mart Stores, Inc.*, No. 95–C–1176(H) (N.D.Okla.1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $50,-000.00, then the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with *underlying facts*. This requirement for removal is certainly not onerous. Indeed, in many cases, the removing party may be able to satisfy its burden by simply parsing out the elements of damages claimed in the petition, assuming, of course, that the total of these elements exceeds $50,000.00. *E.g., Herber*, 886 F.Supp. at 20 ("Practitioners in Wyoming should be made aware that, under *Laughlin*, the jurisdictional allegation is determined as of the time of filing the Notice of Removal. An affidavit setting forth underlying facts will properly support a Notice of Removal."). In other cases, the removing party may seek to establish the necessary facts underlying the damages claim through discovery requests which produce "underlying facts", rather than the vague and legally insufficient response to Albertsons' request for admission, which response was tendered to this Court in connection with Defendant's claim of diversity jurisdiction.

In this case, Albertsons could have specifically addressed each of Plaintiff's claims for damages set forth in the petition and sought to establish the requisite jurisdictional amount accordingly. In pertinent part, the petition states:

[a]s a direct and proximate cause of the Defendant's failure to properly fill the medication prescription provided by Plaintiff to Defendant, and the resulting seizures, the Plaintiff suffered a left shoulder injury. The muscles, tendons, ligaments, soft tissue, bony structure, blood vessels, and nerve centers of the Plaintiff were torn, pulled, strained, traumatized, and their functions impaired. Said injuries are permanent, painful, and progressive. When injured, the Plaintiff, KENDALL D. BARBER, was 48 years of age with a life expectancy of 27.9 additional years.

As a direct and proximate cause of the negligence of the Defendant, and the inappropriate filling of Plaintiff's medicine prescription and injuries caused thereby, the Plaintiff has been damaged in that he has incurred hospital, medical, and physicians bills, and he will hereafter incur additional medical bills and he has been permanently impaired due to the nature of the injuries and the extent of the injuries which he has received. The Plaintiff has incurred to date medical bills, and which medical bills are still being incurred at this time, and the Plaintiff reserves the right to submit his claim for medical and hospital bills at the time of trial.

The Plaintiff, KENDALL D. BARBER, has been delayed and hindered in his business and occupation, and he has lost time therefrom, and by such reason has been deprived of wages and gains and profits, which he would otherwise have acquired had he not been so injured, and the Plaintiff reserves the right to submit his claim for lost wages and reduced earning capacity at the time of trial.

The injuries which the Plaintiff, KENDALL D. BARBER, has suffered, have caused and continue to cause the Plaintiff great physical and mental pain and suffer-

ing. The Plaintiff, KENDALL D. BARBER, in the future, and in all probability, for the remainder of his life, will suffer pain and agony, both mental and physical, as a result of his injuries, and his life will, and has been permanently changed and altered as a result of all his injuries.

Thus, from the face of the petition, it is clear that Plaintiff seeks damages for hospital bills, physical and emotional pain and suffering, and lost wages and future earning capacity. Initial discovery might have focused on these elements of the petition to determine whether the amount of Plaintiff's claims exceeds $50,000.00.

Based upon a review of the record, the Court concludes that Albertsons has not met its burden, as defined by the court in *Laughlin.* Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter. As a result, this Court must remand the action to the District Court of Washington County. The Court hereby orders the Court Clerk to remand the case to the District Court in and for Washington County.

IT IS SO ORDERED.