F I L E D
United States Court of Appeals
Tenth Circuit

APR 15 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BARBARA SCHWARZ,

    Plaintiff-Appellant,

    v.

WOODRUFF, INC.; TED C.
JACOBSEN, Agent; LEO JACOBSEN;
RUTH KIRBY, President of Woodruff,
Inc.; MARGARET J. BENNION;
WAYNE IVIE; JOHN GOFF,

    Defendants-Appellees.

No. 97-4004
(D.C. No. 96-CV-611-S)
(D. Utah)

ORDER AND JUDGMENT*

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Barbara Schwarz, appearing pro se, appeals the dismissal of her action against defendants for harassment and breach of contract.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff and her mother were renting an apartment from Woodruff, Inc. Plaintiff complained of loud noises by other tenants and asked to move to another apartment in the same building. Plaintiff was offered another apartment, paid the rent for that apartment, and hired movers to pack and move. However, plaintiff discovered the apartment was not ready for occupancy on the date promised. Plaintiff complained to Ted Jacobsen, registered agent for Woodruff, and the manager terminated her tenancy.

Plaintiff filed her complaint on July 17, 1996, against Woodruff and Jacobsen, alleging harassment and breach of contract. A magistrate judge found her action should be dismissed for lack of subject matter jurisdiction because plaintiff had not shown the existence of diversity or that the amount in controversy exceeded $50,000, as required by 28 U.S.C. § 1332(a). Plaintiff filed written objections to the magistrate's recommendation.

On August 27, 1996, the district court adopted the magistrate's recommendation to the extent it concluded plaintiff had pleaded neither diversity jurisdiction nor the existence of a state actor. The court found, however, that plaintiff appeared to be attempting to bring a claim under the Federal Fair Housing Act, 42 U.S.C. § 3601, and subject matter jurisdiction could be based on a federal question pursuant to 28 U.S.C. § 1331. The court dismissed plaintiff's action because the complaint was vague and conclusory and lacked sufficient facts to sustain such a claim, but granted plaintiff leave to amend her complaint to state a claim under the Fair Housing Act. The court set forth specific directions for compliance with its order.

Plaintiff filed her amended complaint on September 11, 1996, against Woodruff, Jacobsen, Ruth Kirby (president of Woodruff), Margaret Bennion (a stockholder of

Woodruff), Wayne Ivie, Carolyn Brakey, and John Goff. On December 20, 1996, the district court dismissed the amended complaint, finding plaintiff had raised no Fair Housing Act issues and that any issues raised were matters of state law. The court found there was no diversity jurisdiction and that as a nonlawyer, plaintiff could not represent the interests of another person.

On appeal, plaintiff contends (1) when state judges deny constitutional rights, federal district courts have a duty to correct those violations; (2) diversity exists because a stockholder of Woodruff is a resident of California; (3) her roommate (her mother) is too sick to "battle with judges"; and (4) Fair Housing issues raised were federal issues. She also alleges bias and prejudice on the part of the state and federal courts.

We have carefully reviewed plaintiff's brief on appeal, the record on appeal, and all of the pleadings, and find that the district court did not err in dismissing plaintiff's action. The requisite amount in controversy and the existence of diversity must be affirmatively established in the pleading of the party seeking to invoke jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied 116 S. Ct. 174 (1995). Here, neither plaintiff's complaint nor her amended complaint satisfied these requirements. Further, plaintiff's claims do not fall within the Fair Housing Act.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge