**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHERYL LOUISE MARCHESE,

Plaintiff-Appellant,

v.

MT. SAN RAFAEL HOSPITAL,

Defendant-Appellee.

No. 00-1508

(D. Colorado)

(D.C. No. 00-K-964)

**ORDER AND JUDGMENT** [*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-1-

determination of this appeal.    See Fed. R. App. P. 34(a)(2).  The case is therefore ordered submitted without oral argument.

Plaintiff Cheryl Louise Marchese filed this action against the Mt. San Rafael Hospital alleging the following claims: (1) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; (2) violation of her civil rights pursuant to 42 U.S.C. § 1983; (3) "verbal harassment," Rec. doc. 5, at 2 (Complaint, filed May 11, 2000); (4) negligence; (5) sexual harassment; (6) defamation; (7) slander; and (8) "respondeat superior." Rec. doc. 17, at 3 (Amended Complaint, filed Oct. 30, 2000).    See generally  Rec. docs. 4, 5, 7, and 17 (Plaintiff's Complaints and Amended Complaints, filed May 12, 2000, June 12, 2000, and Oct. 30, 2000).  All of Ms. Marchese's claims involve allegations that hospital employees harassed her during preoperative procedures in March 2000.

According to Ms. Marchese, the employees' harassment led her to cancel a scheduled operation.  Ms. Marchese further maintains that hospital personnel acted negligently.  In her various complaints, Ms. Marchese alleges that the federal court's jurisdiction was based not only on the ADA and 42 U.S.C.§ 1983 but also on diversity of citizenship.    See, e.g. , Rec. doc. 5, at 1 (Complaint, filed May 11, 2000) (stating that "jurisdiction is also founded in the diversity of citizenship of the parties and the amount of [sic] controversy in so far as the

action is based upon the tortious and negligent conduct of the defendant," alleging that the plaintiff is a citizen of Pennsylvania, and that the defendant hospital is located in Colorado). In her May 11, 2000, complaint, Ms. Marchese demands judgment in the amount of $2.5 million. See id. at 8.

The district court dismissed Ms. Marchese's § 1983 claims with prejudice. The court reasoned that Ms. Marchese had failed to allege the necessary state action. It also noted that § 1983 affords no remedy based on respondeat superior or negligence. Finally, the court dismissed Ms. Marchese's state law claims. The court stated that, having dismissed each of Ms. Marchese's federal law claims, it now lacked any basis upon which to exercise supplemental jurisdiction over those state law claims (pursuant to 28 U.S.C. § 1367).

Upon review of the record, we conclude that the district court properly dismissed Ms. Marchese's federal claims. Section 1983 establishes a cause of action only against those individuals acting "under color of [law]." 42 U.S.C. § 1983. Although private parties may be held liable in certain circumstances, "a plaintiff must show . . . that the [party's] conduct is 'fairly attributable to the State.'" Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)). Ms. Marchese's complaints and amended complaint do not allege that the hospital's conduct was fairly attributable to the state. As to her ADA claim, we agree with the defendant

hospital that Ms. Marchese has failed to specifically allege that the hospital discriminated against her on the basis of a disability protected by the ADA.      See Aple's Br. at 16-17.

However, we must further conclude that, based on the allegations of Ms. Marchese's complaints and amended complaint, the district court erred in dismissing her state law claims pursuant to Fed. R. 12(b)(6).  As noted above, Ms. Marchese alleged both diversity of citizenship and damages exceeding the $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332(a)(1).  "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"      Horton v. Liberty Mut. Ins. Co.    , 367 U.S. 348, 353 (1961) (quoting    St. Paul Mercury Indem. Co. v. Red Cab Co.    , 303 U.S. 283, 288 (1938));    see also  Laughlin v. Kmart Corp.    , 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint.").  Here, the defendant hospital has not argued that Ms. Marchese's claim for damages exceeding the jurisdictional amount was asserted in bad faith, and the district court made no such finding.  Thus, the district court erred in dismissing Ms. Marchese's state law claims on the grounds that there was no basis for it to exercise supplemental jurisdiction over them.

Accordingly, we DENY the appellee's motion to dismiss this appeal, we

-4-

AFFIRM the district court's dismissal with prejudice of Ms. Marchese's federal claims under 42 U.S.C. § 1983 and the ADA, we VACATE the district court's dismissal of her state law claims, and we REMAND this case to the district court for further proceedings consistent with this opinion.

Entered for the Court,

Robert H. Henry
Circuit Judge