**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 4, 2005**

**TENTH CIRCUIT**

TONY ALEXANDER HAMILTON,

      Plaintiff-Appellant,

v.

RANGER ENTERPRISES,

      Defendant-Appellee.

No. 05-4050
(District of Utah)
(D.C. No. 03-CV-1073-DAK)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On December 5, 2003, Appellant Tony Alexander Hamilton[2] filed a complaint in federal district court, asserting the court had subject matter jurisdiction under 28 U.S.C. § 1331. The district court dismissed the suit for lack of jurisdiction, concluding Hamilton had failed to demonstrate that the claims asserted against Defendant arose under federal law. The court further concluded Hamilton had failed to allege diversity jurisdiction and that his complaint failed to establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (holding that the requisite amount in controversy and the existence of diversity must be affirmatively established in the pleading of the party seeking to invoke jurisdiction).

This court reviews the dismissal for lack of subject matter jurisdiction de novo. *See U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999) Based on our review of the record, the pleadings, and the arguments asserted by Hamilton in his appellate brief, we conclude the district court did not err when it dismissed Hamilton's complaint for lack of subject matter jurisdiction.

---

[2]Appellant also refers to himself in various documents as Tony-Alexander: Hamilton.

Accordingly, we **affirm** the district court's order of February 14, 2005 dismissing

Hamilton's complaint.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge