### In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

**Shamar CARPENTER, Emily Gillum, Godiva Long, Tyra Royal, Yolanda Sherman, Toni Stewart, Leketta Sykes, Angela Tate, and Gina Burlett, Plaintiffs,**

**v.**

**AMERICAN HOME PRODUCTS CORPORATION, d/b/a Wyethayerst Laboratories, Defendant.**

No. 1:95 CV 5320.

United States District Court, E.D. Texas, Beaumont Division.

March 7, 1996.

James E. Vinturella of Lewis & Caplan New Orleans, LA, for Plaintiffs.

John W. Vardaman, F. Lane Heard III of Williams & Connolly, Washington, DC, Paul W. Gertz, of Germer & Gertz, Beaumont, TX, Henri Wolbrette III, Kathleen A. Manning, Jennifer L. Dodge of McGlinchey, Stafford Lang, New Orleans, LA, for Defendant.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND

SCHELL, Chief Judge.

This matter is before the court on Plaintiffs' Motion to Remand filed on February 2, 1996. Defendant American Home Products Corporation filed a response on February 23, 1996. Based on a review of the motion, response, memoranda, and the applicable case law, the court is of the opinion that Plaintiffs' motion should be DENIED.

#### BACKGROUND

This case originally was filed in the Civil District Court for the Parish of Orleans in Louisiana in June of 1995. Invoking federal diversity jurisdiction, Defendant removed the case to the New Orleans Division of the United States District Court for the Eastern District of Louisiana on September 25, 1995. The case was transferred to this court for consolidation with MDL 1038 on November 3, 1995.

Plaintiffs have filed a motion to remand this case back to Louisiana state court. The diversity of the parties is not in dispute. Plaintiffs argue, however, that the claim of each individual plaintiff in this case, when viewed separately, fails to exceed the $50,000 jurisdictional threshold as required by 28 U.S.C. § 1332. On the other hand, American Home Products contends that, if proven at trial, the damages claimed by the Plaintiffs, coupled with an award of attorneys' fees available under the Louisiana redhibition statute, will likely exceed the minimum jurisdictional amount of $50,000.

### ANALYSIS

■ The Fifth Circuit recently defined the standard for determining whether removal was proper in cases in which the parties dispute whether the amount in controversy requirement was met. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). Removal is proper if (1) the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount and (2) the plaintiff "has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *Id.* at 1412. "The defendant must produce evidence that establishes that the actual amount in controversy exceeds $50,000." *Id.* Once the defendant makes this showing, removal is proper unless the plaintiff shows that it is legally certain that his recovery will not exceed the jurisdictional minimum. The plaintiff can make this showing by either (1) citing a state statute that limits the plaintiff's recovery to below the federal amount in controversy minimum or (2) filing a binding stipulation or affidavit with her complaint stating that the plaintiff will not seek an amount in damages that meets or exceeds the amount in controversy minimum. *Id.* The Fifth Circuit placed this burden on the plaintiff to prevent "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *Id.* at 1410.

■ American Home Products has demonstrated by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded $50,000. In its response, Defendant points out that this case involves injuries similar to the injuries alleged in numerous other Norplant cases currently pending in this court under MDL 1038. Plaintiffs' original petition indicates the serious nature of the injuries alleged, describing "excruciating pain," "significant health risks," "grievous injuries," as well as a plethora of other damages. *See* Pl.'s Original Petition ¶ 21. The court finds that, if proven, the damages alleged by each of the individual plaintiffs likely would exceed $50,-000.

■ Additionally, Plaintiffs have alleged a Louisiana redhibition claim that authorizes the recovery of attorneys' fees. *See LeBlanc v. Mercedes–Benz of North America, Inc.,* 633 So.2d 399 (La.App. 3rd Cir.), *writ denied,* 639 So.2d 1169 (La.1994). Attorneys' fees are included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction. *See In re Abbott Laboratories,* 51 F.3d 524 (5th Cir.1995); 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702 (2d ed. 1985). A trial in this complex medical products liability action undoubtedly would result in the accumulation of significant attorneys' fees. With the inclusion of this potential element of recovery, the court concludes that each of the individual plaintiffs' cases, if proven at trial, likely would yield a recovery in excess of $50,000.

Given this finding, removal is proper unless the Plaintiffs demonstrate that it is legally certain that their individual recoveries will not exceed the jurisdictional minimum. Plaintiffs have failed to file a binding stipulation to that effect, and they cite no statute so limiting their recoveries. Accordingly, removal was proper. This court possesses subject matter jurisdiction over this diversity action. Plaintiffs' Motion to Remand is hereby DENIED.