Kivikovski v. Smart Prof. Photocopy    CV-00-524-B    02/20/01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robert Kivikovski; for himself
and on behalf of all others
similarly situated

    v.                                    Civil No. 00-524-B
                                          Opinion No. 2001DNH043
Smart Professional
Photocopying Corporation



MEMORANDUM AND ORDER


Robert Kivikovski, a resident of New Hampshire, brought this putative class action against Smart Professional Photocopying Corporation ("Smart") in New Hampshire Superior Court. Kivikovski alleges that Smart violated New Hampshire statutory and common law by overcharging New Hampshire residents for copies of medical records that Smart provided on behalf of health care providers. Smart subsequently removed this case to federal court, invoking diversity jurisdiction. See 28 U.S.C. §§ 1441 (removal), 1332 (diversity jurisdiction). Kivikovski now moves to remand this case back to the Superior Court. See 28 U.S.C. § 1447. The sole issue to be decided is whether this class

action[1] satisfies the $75,000 amount in controversy requirement for diversity jurisdiction.[2]  Because I conclude that this case does not satisfy the amount in controversy requirement, I grant Kivikovski's motion to remand.

## I.  STANDARD OF REVIEW

A defendant seeking to remove an action from state court to federal court has the burden of showing that the federal court has jurisdiction.  See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  There is a presumption against removal jurisdiction.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Therefore, any doubts as to the court's jurisdiction are to be resolved in favor of remand.  See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000), cert.

---

[1]  Although the class has not been certified, I treat this case as a class action for purposes of determining whether the amount in controversy requirement is satisfied.  See Doucette v. Ives, 947 F.2d 21, 30 (1st Cir. 1991) ("During the period between the commencement of a suit as a class action and the court's determination that it may be so maintained, the suit should be treated as a class action.")

[2]  I note that while Smart alternatively asserts that its principal place of business is in California or Georgia, both parties agree that diversity of citizenship exists.

<u>denied</u>, 120 S.Ct. 2658 (2000); <u>Somlyo v. J. Lu-Rob Enter., Inc.</u>, 932 F.2d 1043, 1045-46 (2d Cir. 1991); <u>see also</u> <u>Danca</u>, 185 F.3d at 4 (stating that "removal statutes are strictly construed").

Where, as here, the defendant cites diversity of citizenship as the grounds for the court's jurisdiction, he must show that the amount in controversy requirement, currently $75,000, is satisfied. <u>See</u> <u>Gafford v. General Electric Co.</u>, 997 F.2d 150, 155 (6th Cir. 1993); <u>see also</u> <u>Bull HN Info. Sys., Inc. v. Hutson</u>, 229 F.3d 321, 328 (1st Cir. 2000) (holding that the party asserting diversity jurisdiction bears the burden of demonstrating that the amount in controversy requirement is satisfied).

The First Circuit has not addressed the issue of what standard of proof should be used to determine whether a defendant has met the amount in controversy requirement where, as here, the plaintiff does not put a specific dollar value on the relief sought.[3] <u>See</u> <u>Gafford</u>, 997 F.2d at 157-58 (collecting cases and noting split of authority on burden of proof). The parties

---

[3] Kivikovski, on behalf of himself and other class members, seeks: (1) injunctive and declaratory relief; (2) restitution; (3) compensatory, statutory, and punitive damages; (4) enhanced compensatory damages for allegedly wanton, malicious or oppressive conduct; and (5) attorneys' fees and costs.

agree, and I accept, for purposes of discussion, that the preponderance of the evidence standard applies in this case. See, e.g., id. at 158-59 (adopting preponderance standard); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (same).  Accordingly, Smart can meet its burden if it can set forth facts sufficient to establish that the value of the class' claims, if successful, will more likely than not exceed $75,000.[4]  See Laughlin, 50 F.3d at 873 (defendant has the burden to set forth "the underlying facts supporting [the] assertion that the amount in controversy" exceeds $75,000 (quoting Gaus, 980 F.2d at 567)).

## II.  DISCUSSION

In Snyder v. Harris, 394 U.S. 332 (1969), the Supreme Court held that Fed. R. Civ. P. 23 does not alter the well-established

---

[4]  The "preponderance of the evidence" standard, as used in the context of establishing removal jurisdiction, has at least two formulations.  Compare Gafford, 997 F.2d at 158 ("more likely than not"), with Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993) ("proof to a reasonable probability").  For purposes of discussion, I apply the "more likely than not" formulation put forth by Smart and adopted by the Sixth Circuit in Gafford.  See 997 F.2d at 158; see also Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 564-65 (D.N.J. 2000) (opining that "these two variations of the preponderance standard appear largely identical").

-4-

rule that separate and distinct class claims cannot be aggregated to satisfy the amount in controversy requirement.  See id. at 338-42.  Smart offers two arguments in an effort to circumvent this holding.  First, it argues that plaintiffs have satisfied the amount in controversy requirement because the aggregate cost to it of the injunctive relief sought by plaintiffs would substantially exceed $75,000.  Second, Smart argues that the entire potential attorneys' fee award available under the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:1 et seq., should be "aggregated" by either: (1) attributing it in toto to each member of the class so that they can each individually satisfy the $75,000 amount in controversy requirement; or (2) attributing it exclusively to Kivikovski and then invoking the court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the other members of the class.[5]  See

_____

[5]  The Supreme Court rejected Smart's second aggregation argument in Zahn v. International Paper Co., 414 U.S. 291 (1973). Thus, Smart bases this argument on the assumption, adopted by the Fifth and Seventh Circuits, that Congress statutorily overruled Zahn when it enacted 28 U.S.C. § 1367.  See Stromberg Metal Works, Inc. v. Press Mechanical, Inc., 77 F.3d 928, 930-33 (7th Cir. 1996) (interpreting § 1367 as granting courts jurisdiction over pendent plaintiffs who do not satisfy the jurisdictional amount); In re Abbott Labs., 51 F.3d 524, 527-29 (5th Cir. 1995) (same).

-5-

<u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1080 (11th Cir. 2000), <u>cert. denied</u>, 121 S.Ct. 381 (2000) (discussing aggregation arguments).  For the reasons discussed below, I reject Smart's arguments and grant Kivikovski's motion to remand.

A.  **Determining the Amount in Controversy**
    **From Smart's Perspective**

Kivikoski seeks an injunction on behalf of the class requiring Smart to reduce the fees that it charges New Hampshire consumers for copies of their medical records.  Given the nature of the relief that Kivikovski seeks, the value of the proposed injunction to any individual class member will never exceed the $75,000 jurisdictional threshold.  Smart seeks to overcome this obstacle by arguing that the court should determine the amount in controversy by viewing the aggregate cost to it of complying with the injunction.  Since the aggregate cost to Smart of providing injunctive relief could exceed $75,000, Smart argues, the court has jurisdiction to consider Kivikovski's claims.

It may well be appropriate in certain cases to look at the amount in controversy requirement from the defendant's perspective when determining whether a plaintiff has satisfied the amount in controversy requirement.  In a case such as this, however, which involves separate and distinct class claims, I

cannot aggregate the defendant's cost of complying with each class member's claims without violating the Supreme Court's holding in Snyder.  See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1050 (3d Cir. 1993); Crosby v. America Online, Inc., 967 F. Supp. 257, 264-65 (N.D. Ohio 1997); Ferris v. General Dynamics Corp., 645 F. Supp. 1354, 1363 (D.R.I. 1986).  Since Smart does not contend that the potential cost of affording injunctive relief to any individual class member will exceed the $75,000 threshold, I reject its argument that the jurisdictional amount can be satisfied based on the cost to it of the requested injunctive relief.

## B.  Attorneys' Fees[6]

I need not reach either of Smart's alternative arguments that are based on its potential liability for attorney's fees because Smart fails to offer any evidentiary support to buttress its conclusory assertion that an award of attorneys' fees in this

---

[6]  "As a general matter, attorney's fees do not constitute part of the matter in controversy because the successful party typically does not collect his attorney's fees." Dept. of Recreation and Sports of Puerto Rico v. World Boxing Ass'n, 942 F.2d 84, 89 (1st Cir. 1991) (citation omitted).  Where, however, attorney's fees are authorized by a statute, such as the New Hampshire Consumer Protection Act, they may, to the extent reasonable, constitute part of the amount in controversy. Id. at 90.

case will satisfy the $75,000 jurisdictional threshold.  See, e.g., Peterson v. BASF Corp., 12 F. Supp. 2d 964, 974 (D. Minn. 1998) (stating that "something more than anecdotal conjecture is necessary" to remove a court's doubt that a class' aggregated attorneys' fees would satisfy the jurisdictional amount); Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (opining that defense attorney's unsupported contention regarding amount of attorneys' fees was "too speculative" to meet his burden).

While I recognize that Smart cannot know the exact number of hours that the class' attorneys will work on this case, Smart must offer some evidence to show that it is more likely than not that an award of attorneys' fees will exceed the jurisdictional amount.  Cf. De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (defendants offered testimonial evidence and published precedent showing that damages would more likely than not exceed jurisdictional amount); Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D. W.Va. 1997) (collecting cases discussing methods of proof).  Smart's conclusory statements alone do not suffice to overcome the presumption against removal jurisdiction.  See Laughlin, 50 F.3d at 873; Gaus, 980 F.2d at 566-67.

Moreover, the record before me suggests that this case is a relatively straightforward class action. The record offers nothing to suggest that the class, if successful, would more likely than not receive an award of attorneys' fees sufficient to satisfy the jurisdictional requirement. Cf. Norplant Contraceptive Prods. Liab. Litig. v. American Home Prods. Corp., 918 F. Supp. 178, 180 (E.D. Tex. 1996) ("A trial in this complex medical products liability action undoubtedly would result in the accumulation of significant attorneys' fees" which would help satisfy the jurisdictional amount.). Accordingly, given the presumption against removal jurisdiction, I cannot assume that such a large amount will be awarded. See Freitas v. First New Hampshire Mortgage Corp., No. 98-211ML, 1998 WL 657606, *6 (D.R.I. July 23, 1998); see also Cohen, 204 F.3d at 1080 n.10 ("Arguably, when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny.").

## III.  CONCLUSION

For the reasons discussed above, I conclude that Smart fails to demonstrate that it is more likely than not that the amount in

controversy in this case exceeds $75,000.  Accordingly, I grant

Kivikovski's motion to remand, (Doc. No. 4).  This case shall be

remanded to the Superior Court of the State of New Hampshire for

the County of Hillsborough, Northern District.  As the court

lacks jurisdiction, any motions pending before this court are

moot.

    SO ORDERED.

 

 

                                        _____
                                        Paul Barbadoro
                                        Chief Judge

February 20, 2001

cc:  Edward K. O'Brien, Esq.
     John A. Houlihan, Esq.